**Milton ALRED, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Tennessee State Penitentiary, Nashville, Tennessee, Respondent-Appellee.**

**No. 18522.**

United States Court of Appeals
Sixth Circuit.

Jan. 28, 1969.

Certiorari Denied June 9, 1969.
See 89 S.Ct. 2026.

---

Milton Alred in pro. per.

James C. Dale, III, Special Counsel, State of Tennessee, Nashville, Tenn., for appellee; George F. McCanless, Atty. Gen., and Reporter, State of Tennessee, of counsel.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Milton Alred appeals from an order of the District Court denying his petition for a writ of habeas corpus. Alred was sentenced by Criminal Court of Davidson County, Tennessee, to 99 years imprisonment in the penitentiary for first degree murder in October 1956. He had been indicted for the murder of and the dismemberment of the body of his common-law wife.

Alred, the appellant herein, alleges three assignments of error on this appeal: 1. The court erred in holding that he voluntarily entered a plea of guilty to the indictment; 2. The court erred in holding that the appellant was not denied the right of appeal from his conviction, and 3. The court erred in refusing to

decide the question of whether the appellant had a fair trial by reason of the adverse publicity in the newspapers during the pendency of the case.

The appellant filed a second action for a writ of habeas corpus in the Criminal Court of Davidson County upon which he was given a full, adequate oral hearing. The writ was denied and after exhausting state remedies the appellant brought this action in the District Court for the Middle District of Tennessee. The court had before it a certified copy of the transcript of the record made in the oral hearing before the state court. The trial judge held that the guilty plea was voluntarily entered. We agree.

It appears from the transcript that the appellant was represented by a lawyer of some 34 years' experience in criminal matters who was employed by the appellant's father. After this lawyer investigated the case, he came to the conclusion that the appellant was guilty and that if convicted he would probably be sentenced to the electric chair. The lawyer discussed the case with the prosecutor and finally obtained an agreement that the prosecutor would recommend a 99 year sentence, if the appellant would plead guilty. This was discussed at length with the appellant and his father and upon full information they agreed to it.

The electric chair was a very real threat and the lawyer was making every effort to save the appellant's life. He felt that he had won a great victory when he secured the agreement of the prosecutor to accept a guilty plea. Considering the gruesome facts of the case Alred was well advised to accept the opportunity to plead guilty and escape the electric chair. Both the appellant and his father thought at the time that this was a good way out and we see nothing in the record or subsequent events that would indicate the lawyer's advice was unsound.

Once it is determined, as we do determine, that Alred entered his plea knowingly and voluntarily the other assignments of error fade away. The ap-

pellant says he was denied the right of appeal. If he pleaded guilty by virtue of an agreement, and he does not deny that, he got what he bargained for and there would be no point in filing a motion for a new trial or in taking an appeal.

There is no merit to his claim that he did not have a fair trial by reason of adverse publicity. He did not have a trial in the usual meaning of that term. In Tennessee the law requires that a jury fix the length of a prison sentence. On a plea of guilty, the court must submit the case to a jury and the prosecutor need only offer sufficient evidence to acquaint the jury with the facts of the case.[1] The jury was influenced by the plea of guilty and the prosecutor's recommendation for 99 years, rather than any adverse publicity.

The judgment of the District Court is affirmed.

---

1. The alleged confession was not admitted in evidence.