(No. 41503.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
WILLIE JILES *et al.*, Appellants.

*Opinion filed September 26, 1969.*

FRANK N. JONES and GORDON H. SCOTT, both of Chicago, for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JOEL M. FLAUM, Assistant Attorney General, and ELMER C. KISSANE and PATRICK T. DRISCOLL, JR., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This case is here on appeal from orders entered in the juvenile division of the circuit court of Cook County which dismissed delinquency petitions that had been filed against the respondents, Willie Jiles and Lamont Arrington. The orders were entered after a hearing before a judge of the juvenile division upon the motion of the State's Attorney, who sought dismissal of the delinquency petitions so that the respondents could be prosecuted criminally.

The respondents attack the constitutionality of the

statute which governs the transfer of cases from the juvenile division of the circuit court to the criminal division. They argue that it fails to afford intelligible guidance to the judge or to the parties involved as to the issues to be decided and the allocation of the burden of proof, and that it is an invalid delegation of legislative power since it fails to provide adequate standards. They also attack the statute upon the ground that it is so vague and ambiguous as to violate the equal protection and due process clauses of the fourteenth amendment to the constitution of the United States.

The relevant provisions of the governing statute, section 2—7 of the Juvenile Court Act, are:

"(3) If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the laws of this State, the State's Attorney shall determine the court in which that minor is to be prosecuted; however, if the Juvenile Court judge objects to the removal of a case from the jurisdiction of the Juvenile Court, the matter shall be referred to the chief judge of the circuit for decision and disposition. If criminal proceedings are instituted, the petition shall be dismissed insofar as the act or acts involved in the criminal proceedings are concerned. Taking of evidence in an adjudicatory hearing in any such case is a bar to criminal proceedings based upon the conduct alleged in the petition.

\* \* \*

"(5) If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the laws of this State, the minor, with the consent of his counsel, may, at any time before commencement of the adjudicatory hearing, file with the court a motion that criminal prosecution be ordered and that the petition be dismissed insofar as the act or acts involved in the criminal proceedings are concerned. If such a motion is filed as herein provided, the court shall enter its order accordingly." Ill. Rev. Stat. 1967, ch. 37, par. 702—7.

We do not reach the constitutional issues that the defendants have sought to raise, for we are of the opinion that the orders from which this direct appeal was taken were not final judgments and were not appealable. Motion by the State to dismiss this appeal was denied. But upon further consideration, after having read the briefs and heard the arguments of counsel, we are of the opinion that the motion to dismiss should be granted.

Earlier decisions of this court which involved the comparable section of the predecessor statute all came before this court upon a review of the final judgment which had been entered in the criminal prosecution. (See *People* v. *Hester,* 39 Ill.2d 489; *People* v. *Lattimore,* 362 Ill. 206; *People ex rel. Malec* v. *Lewis,* 362 Ill. 229.) Those cases arose under the judicial article of the constitution of 1870 as it existed prior to 1964, when the juvenile court of Cook County was a court of separate jurisdiction created by statute, and the criminal court of Cook County was a court of separate jurisdiction created by the constitution. Under the new judicial article which became effective in 1964, both the former juvenile court and the former criminal court of Cook County are now divisions of a single, unified circuit court. The present Juvenile Court Act provides that " 'Court' means the circuit court in a session or division assigned to hear proceedings under this Act." (Ill. Rev. Stat. 1967, ch. 37, par. 701—8.) An order transferring a proceeding even from one court to another has not heretofore been regarded as final and appealable. *Village of Niles* v. *Szczesny,* 13 Ill.2d 45.

We do not, however, rest our decision as to the appealability of an order dismissing a delinquency petition so that criminal proceedings may be instituted against the juvenile solely upon the fact that no appeal from such an order has heretofore been authorized. Section 7 of article VI of the constitution provides: "The Supreme Court may provide by rule for appeals to the Appellate Court from other than final

judgments of the Circuit Court." To discharge the responsibility of this court for the administration of the judicial system of the State, we have considered the advisability of adopting a rule which would permit interlocutory appeals from such orders. We have decided that such a rule should not be adopted.

There is no discernible pattern in the procedures of the various States as to the reviewability of such orders, and because the matter depends so largely upon the varying provisions of the applicable statutes, nothing is to be gained by a detailed analysis of the authorities from other jurisdictions. We do not regard the decision of the Supreme Court of the United States in *Kent v. United States*, 383 U.S. 541, 556, 16 L. Ed. 2d 84, 86 S. Ct. 1045, which characterized the waiver of jurisdiction as a "critically important" action, as particularly relevant to this question. *Kent* was concerned primarily with "the infirmity of the proceedings by which the Juvenile Court waived its * * * jurisdiction." On the issue now before us the Supreme Court said only, "There is no question that the order is reviewable on motion to dismiss the indictment in the District Court, as specified by the Court of Appeals in this case. Kent v. Reid, supra." In the latter case, the Court of Appeals for the District of Columbia, in an opinion by Judge McGowan, had held that no interlocutory appeal would lie from the order of the juvenile court of the district which waived jurisdiction over a juvenile so that he could be prosecuted criminally. *Kent v. Reid* (1963 D.C. cir.), 316 F.2d 331.

While there would probably be almost universal agreement that it is desirable for a State to maintain a juvenile court and to establish special facilities for the treatment of a separate category of "juvenile delinquents", we are aware of nothing in the constitution of the United States or of this State that requires a State to do so. Similarly, while it may be highly desirable to commit to the judge of a specialized juvenile court the determination of whether or

not a particular juvenile is to be prosecuted criminally, we are aware of no constitutional requirement that a State must do so.

Illinois has chosen not to do so. Under the Illinois Juvenile Court Act the juvenile and his attorney have an uncontrolled discretion to choose to be proceeded against in the criminal court. They may make that choice without regard to any considerations relating to the public interest, or even to the ultimate best interest of the juvenile. No judge has any authority to interfere with that choice. Under the statute a State's Attorney has a similar discretion to determine whether or not to proceed criminally against an alleged juvenile offender. His discretion, however, is not entirely uncontrolled. If the judge who hears the matter in the juvenile division objects to the removal of the case from that division, the matter is to be referred to the chief judge of the circuit for decision.

The procedure thus established is unique. (Paulsen, *Kent* v. *United States*: The Constitutional Context of Juvenile Cases, 1966 Supreme Court Review, 167, 182; Schornhorst, The Waiver of Juvenile Court Jurisdiction (1968), 43 Ind. L. R. 543, 548.) The role of the judge of the juvenile division is sharply diminished. He may do nothing if the juvenile elects to be prosecuted criminally, and if the prosecutor elects to proceed criminally, he may, by noting his objection, bring about a hearing before the chief judge of the circuit.

We are not concerned in this case with the underlying philosophy that prompted these unusual provisions. Nor is it necessary to consider the anomalous provision that would, on the surface at least, seem to authorize review of the conclusion of a circuit judge by the chief judge of the circuit. Our sole concern is the appealability of an order which, after a hearing at which the juvenile was represented by counsel, dismissed the delinquency proceeding so that a criminal prosecution could proceed.

To permit interlocutory review of such an order would obviously delay the prosecution of any proceeding in either the juvenile or the criminal division, with the result that the prospect of a just disposition would be jeopardized. In either proceeding the primary issue is the ascertainment of the innocence or guilt of the person charged. To permit interlocutory review would subordinate that primary issue and defer its consideration while the question of the punishment appropriate for a suspect whose guilt has not yet been ascertained is being litigated in reviewing courts. We are unwilling to sanction such a procedure.

The appeal is dismissed. *Appeal dismissed.*