THE STATE OF OHIO, APPELLEE, *v.* MENDENHALL, APPELLANT.

(No. 4-56—Decided November 7, 1969.)

*Mr. Charles Delsantro, Jr.,* for appellee.
*Mr. Alfred E. Dahling,* for appellant.

JONES, J. Juvenile Courts in Ohio are statutory courts, pursuant to Chapter 2151, Revised Code. The exercise of jurisdiction depends upon the age of the child involved. (Section 2151.23, Revised Code.) For a general discussion, see 89 A. L. R. 2d 506. "Child" includes anyone under 18 years of age, except that, wherever reference is made in the law to a crippled or otherwise handicapped child, "child" then includes anyone under 21 years of age. (Section 2151.01 (B) (1), Revised Code.) The Code provides that the Juvenile Court has exclusive, original jurisdiction under the Revised Code concerning any child who is delinquent (Section 2151.23, Revised Code).

Accordingly, when Elizabeth Mendenhall was cited as being a delinquent, it was incumbent upon the state of Ohio to establish the jurisdiction of the Juvenile Court over her person. Other than the complaint signed by Frances Walsh, there is nothing in the record or bill of exceptions to establish the age of Elizabeth, which is essential to confer the jurisdiction upon the Juvenile Court,

*In re Gault,* 387 U. S. 1, has made much of Juvenile Court proceedings adversary in character. The case at bar certainly was an adversary proceeding. Thus, we hold that, under the circumstances of this case, the state of Ohio had the burden of showing jurisdiction of the Juvenile Court over Elizabeth, and this it failed to do before resting its case. The following appears in the bill of exceptions:

"Mr. Delsantro: In that case, your Honor, we have no other evidence [*sic,* the state of Ohio] other than the manager that talked to the defendant.

"The Court: Do I take it you are resting then?

"Mr. Delsantro: Yes."

At that point, Elizabeth's lawyer moved the court to dismiss the charges:

"Secondly, this charge which they have is a charge regarding a minor person under 18 years of age. There has been no evidence that this child is under 18 years of age."

The bill of exceptions then shows the following:

"The Court: I overrule your motion at this time."

The motion should have been sustained for the reasons stated herein. Accordingly, the judgment and sentence is set aside and the complaint dismissed.

*Judgment accordingly.*

HOFSTETTER, P. J., and COOK, J., concur.