(No. 41713.— ■■■■■■■■■)

·THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GENE STREETER, a/k/a Edward Rucker, Appellant.

*Opinion filed March 24, 1970.*

BARRY J. FREEMAN, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER

C. KISSANE and PATRICK T. DRISCOLL, JR., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant's post-conviction petition to review his 1946 conviction was dismissed on motion.

In 1954, defendant was convicted of robbery and his 1946 conviction was used to increase his penalty under the then existing Habitual Criminal Act. (Ill. Rev. Stat. 1953, ch. 38, par. 602.) For this reason defendant contends that the statute of limitations should start to run in 1954, not 1946. It is not necessary to rule on this contention.

The limitation period in 1954 was five years. (Ill. Rev. Stat. 1953, ch. 38, par. 826.) The 1965 amendment extending the limitation period to twenty years did not revive rights already terminated. *People* v. *Reed,* 42 Ill.2d 169.

Also, defendant has had a post-conviction review of his 1954 conviction. His petition was dismissed by the trial court after full hearing and said dismissal was affirmed by this court. Memorandum Opinion 2044.

This action is barred by the statute of limitations and the circuit court of Cook County properly dismissed the petition.

*Judgment affirmed.*