45 Ill.2d 11 (1970)
256 N.E.2d 830
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v.
WALDO E. GRANBERRY, Appellant.
No. 41762.
Supreme Court of Illinois.
Opinion filed March 24, 1970.
*12 EDMUND W. KITCH, of Chicago, appointed by the court, for appellant.
WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (MORTON E. FRIEDMAN, Assistant Attorney General, and ELMER C. KISSANE and LAURENCE J. BOLON, Assistant State's Attorneys, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE CREBS delivered the opinion of the court:
Defendant, Waldo E. Granberry, entered guilty pleas to the following offenses and the circuit court of Cook County imposed the following sentences, respectively: murder, 99 years; armed robbery, 1 year to life; robbery, 1 year to life; rape, life; rape, life; armed robbery, 1 year to life; and armed robbery, 1 year to life. His amended petition for a post-conviction hearing was dismissed on the People's motion and he appeals to this court pursuant to Rule 651.
Defendant's principal argument is that his guilty plea to the murder indictment was not a voluntary waiver of his right to stand trial. In support of this contention he alleges he had been advised by his attorney that if he stood trial and was convicted, he would probably be sentenced to death; but if he pleaded guilty, he would not receive the death sentence. He recognizes that this court has on numerous *13 occasions held that the negotiation for a guilty plea does not of itself deprive the plea of its voluntary character, but he argues that where the sentence differential is life imprisonment or death the guilty plea cannot be considered voluntary.
Defendant has not cited any case which has held that in the negotiation of a plea a sentence differential of life imprisonment or the probability of death, if convicted, makes the guilty plea involuntary. A holding contrary to his position was reached in Alred v. Henderson (6th cir.), 406 F.2d 743, on almost identical facts as those presented by this case. In that case defendant in a State court had entered a plea of guilty to a murder charge on advice of his counsel who told him that if convicted he would probably be sentenced to the electric chair but if he entered a plea of guilty the prosecutor would recommend a 99-year sentence. After exhausting his State remedies, he instituted Federal habeas corpus proceedings alleging he had not voluntarily entered his plea of guilty. The Federal district court denied his petition. In affirming this judgment the Court of Appeals stated: "The electric chair was a very real threat and the lawyer was making every effort to save the appellant's life. He felt that he had won a great victory when he secured the agreement of the prosecutor to accept a guilty plea. Considering the gruesome facts of the case Alred was well advised to accept the opportunity to plead guilty and escape the electric chair. Both the appellant and his father thought at the time that this was a good way out and we see nothing in the record or subsequent events that would indicate the lawyer's advice was unsound." (406 F.2d 743, 744.) The Supreme Court thereafter denied Alred's petition for a writ of certiorari. 395 U.S. 947, 23 L.Ed.2d 466, 89 S.Ct. 2026.
In People v. Brown, 41 Ill.2d 503, defendant had entered pleas of guilty to the crimes of murder, burglary and armed robbery. We stated: "The charge that defendant pleaded *14 guilty upon the advice of his attorneys, who had told him that he might receive a severe penalty, was insufficient to require an evidentiary [post-conviction] hearing. It may well be that the defendant was afraid of receiving a severe sentence, but, as we pointed out in People v. Bowman, 40 Ill.2d 116, this fear resulted from no improper conduct by the authorities, but was the result of the course of conduct which the defendant himself had pursued. The penalty of death was a possibility under the murder indictment, and a lengthy sentence to the penitentiary was a possibility under all three indictments. The fact that defendant's attorneys advised him of these possibilities does not support a conclusion that his pleas of guilty were improperly induced." 41 Ill.2d 503, 505-506.
To hold that the sentence differential between life imprisonment and death is such that a plea of guilty negotiated on this basis is involuntary would, of course, prohibit negotiated pleas in all capital cases. We hold that the policy considerations which permit a negotiated plea in a noncapital case (see People v. Darrah, 33 Ill.2d 175) are sufficient to permit it in a capital case.
It is next argued that the plea was not understandingly made because of the rote, technical and confusing nature of the admonition by the trial court. The record indicates that the nature of the charge and the consequences of his plea were properly explained to defendant.
Defendant also contends that because he was 17 years old at the time he entered the plea, he was incompetent to plead guilty. In People v. Harden, 38 Ill.2d 559, we held that a minor without counsel could plead guilty. It certainly follows that this defendant with counsel could plead guilty.
The amended petition finally alleges that the pleas to the other indictments were induced by the plea to the murder indictment. Since the allegations of the petition fail to show that the plea to the murder indictment was not voluntary, *15 this allegation fails to show that the other pleas were not voluntary.
The judgment of the circuit court of Cook County is affirmed.
Judgment affirmed.
Mr. JUSTICE WARD took no part in the consideration or decision of this case.