THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE EARL SHAW, Defendant-Appellant.

(No. 70-206;

Third District—February 29, 1972.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

Edward Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Clarence Earl Shaw was indicted for Attempted Robbery, Attempted Murder, Aggravated Battery, Armed Violence and the Unlawful Use of a Weapon. The indictment was returned on June 26, 1969. A motion to dismiss the indictment was filed July 16, 1969, asserting, among other things, that defendant was 16 years of age at the time of the alleged crime and that the Juvenile Court of Kankakee County had exclusive jurisdiction. It was asserted in the motion that there had never been a hearing or waiver removing the case from the jurisdiction of the Juvenile Court of Kankakee County. At the time of the argument of the motion, defendant Shaw became 17 years of age. The trial court hearing the motion established of record that the judge was sitting as the Chief Judge of the Circuit Court. The court indicated that no juvenile court was established as such in Kankakee County and that the motion to dismiss was being denied by him in his capacity as Chief Judge of the Circuit. The court asserted that the Circuit Court was the Juvenile Court, that the Circuit Court was not divided so far as Juvenile Court judges are concerned and that he among other duties was a Juvenile Court judge.

Thereafter, when the case was called for trial and the jury was selected, the case was adjourned and continued until October 7, 1969. On October 7, 1969, apparently pursuant to plea bargaining, the indictment was nolle prossed, and the proceeding was terminated. An Information was filed charging Conspiracy to Commit Armed Robbery, following waiver by defendant of indictment and of jury trial. No objection was made to the jurisdiction of the court to proceed pursuant to the information. Defendant pleaded guilty to Conspiracy to Commit Armed Robbery and stated at the time of his plea that he was 17 years of age. A probation hearing was had, and following a hearing in aggravation and mitigation, defendant was sentenced to a term of not less than four years nor more than five years in the penitentiary. At all times referred to, defendant was represented by counsel, and both defendant and his counsel actively participated in the procedures leading to and following the filing of the Information.

On appeal now in this Court, defendant contends that his conviction was void on the ground that the Circuit Court never had jurisdiction of the defendant. Defendant likewise contends that the sentence imposed was excessive and should be reduced. Two other contentions are advanced on constitutional grounds alleging that the Illinois Juvenile Court Act violates defendant's right to due process and to the equal protection clause of the United States Constitution.

Under Section 702—7(1), ch. 37 of 1969 Illinois Revised Statutes it is expressly provided, "Except as provided in this Section, no boy who was under 17 years of age  *  *  *  at the time of the alleged offense may be prosecuted under the criminal laws of this State  *  *  *  ". In Section 702—7(3) it is provided that:

"If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the laws of this State, the State's Attorney shall determine the court in which that minor is to be prosecuted; however, if the Juvenile Court Judge objects to the removal of a case from the jurisdiction of the Juvenile Court, the matter shall be referred to the chief judge of the circuit for decision and disposition. If criminal proceedings are instituted, the petition shall be dismissed insofar as the act or acts involved in the criminal proceedings are concerned. Taking of evidence in an adjudicatory hearing in any such case is a bar to criminal proceedings based upon the conduct alleged in the petition."

In Section 702—7(5) it is provided that:

"If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the laws of this State, the minor, with the consent of his counsel, may, at any time before

commencement of the adjudicatory hearing, file with the court a motion that criminal prosecution be ordered and that the petition be dismissed insofar as the act or acts involved in the criminal proceedings are concerned. If such a motion is filed as herein provided, the court shall enter its order accordingly."

It is noted that in all of the Sections of the Act relating to the prosecution of juveniles, the language is not expressed in mandatory terms. In Section 702—1 it is provided that "proceedings *may* be instituted" under the provisions of the Act. In Section 702—7(3) and (5), the language used is "*if* a petition alleges commission by a minor 13 years of age or over * * *."

■■ Since the original proceeding involving a prosecution pursuant to indictment was never concluded we are not required to determine whether the ruling of the court on the motion was correct or whether procedure pursuant to the Juvenile Court Act should first have been undertaken.

The question now before us is whether a minor, being advised by counsel, may waive the filing of a petition addressed to the court pursuant to the Juvenile Court Act. It is apparent from the record that, as a result of plea bargaining, defendant and his counsel, who was available during all stages of the proceeding, determined that it was in the best interest of defendant to enter into plea bargaining and to request that prosecution be had only under an Information as hereinabove described for which the maximum penalty would be a five-year term in prison. The proceeding resulting from the indictment was *nolle prossed* and the only matter before us is whether a minor, under conditions as described and under the facts as presented in this case, may participate in the proceeding initiated by the Information, through waiver of procedure under the Juvenile Court Act. This necessarily involves waiver of indictment and jury trial and a plea of guilty, under circumstances which defendant and his counsel believe inure to his best interest.

■■ It is noted that in Section 702—7(5) of the Juvenile Court Act, a defendant may, at any time before commencement of the adjudicatory hearing, file with the court a motion that criminal prosecution be ordered and that the petition be dismissed with respect to any act or acts involved in the criminal proceedings. As stated by Justice Schaefer in *People v. Jiles,* 43 Ill.2d 145, 251 N.E.2d 529, at 531:

"While there would probably be almost universal agreement that it is desirable for a State to maintain a juvenile court and to establish special facilities for the treatment of a separate category of 'juvenile delinquents', we are aware of nothing in the constitution of the

United States or of this State that requires a State to do so. Similarly, while it may be highly desirable to commit to the judge of a specialized juvenile court the determination of whether or not a particular juvenile is to be prosecuted criminally, we are aware of no constitutional requirement that a State must do so.

"Illinois has chosen not to do so. Under the Illinois Juvenile Court Act the juvenile and his attorney have an uncontrolled discretion to choose to be proceeded against in the criminal court. They may make that choice without regard to any considerations relating to the public interest, or even to the ultimate best interest of the juvenile. No judge has any authority to interfere with that choice. Under the statute a State's Attorney has a similar discretion to determine whether or not to proceed criminally against an alleged juvenile offender. His discretion, however, is not entirely uncontrolled. If the judge who hears the matter in the juvenile division objects to the removal of the case from that division, the matter is to be referred to the chief judge of the circuit for decision."

The courts of this State have indicated that a guilty plea by a 17 year old is even permissible in a capital case provided the minor is represented by counsel (*People v. Granberry*, 45 Ill.2d 11, 256 N.E.2d 830), and the court expressed no doubt of the right of the court to accept such guilty plea from a 16 year old (*People v. Rambo*, 123 Ill.App.2d 299, 260 N.E.2d 119).

■■ We note that the Circuit Court has unlimited original jurisdiction of all justiciable matters by virtue of Section 9 of Article VI of the Illinois Constitution. The Juvenile Court Act simply makes a procedural arrangement so far as juveniles are concerned and specifically directs, at least by implication, that no criminal matters shall be undertaken as against a male infant between 13 and 17 years of age until after the recommended procedure in Section 702—7.

■■ The issue before this Court, therefore, is whether a minor being advised by counsel, has the right to waive procedures under the Juvenile Court Act, and, also, to waive indictment and jury trial, and, likewise, to carry into effect an agreement to plead guilty to a lesser charge than one which might have been invoked against him. We believe that this right of waiver is vested in a minor represented by counsel and is a logical application of the principles announced in the *Gault* case (*In re Application of Gault*, 387 U.S. 1, 87 Sup.Ct. 1428, 18 L.Ed.2d 527). Defendant is vested with the same rights and privileges as an adult. Under the very provisions of the Juvenile Court Act referred to, as expressed by Justice Schaefer in *People v. Jiles, supra*, the minor-defendant with the consent of his counsel at any time before commence-

ment of an adjudicatory hearing, could file a motion that criminal prosecution be ordered, and that the petition in the juvenile court be dismissed insofar as any act or acts involving criminal proceedings are concerned. This indicates a legislative intent to give the minor-defendant, with the consent of his counsel, the unlimited right to have his case adjudicated under the criminal laws and to make any arrangement which he and his counsel feel are in his best interests. In our view of the cause before us this is what happened and we do not believe that this Court would be justified in reversing this cause to require that proceedings be initiated for a purely formal purpose, with a petition addressed to the same court as a juvenile court with the obvious conclusion that criminal proceedings would be authorized by that court. We can see in such requirement a circuity which might be completely contrary to the interest of the minor-defendant, and which would be inconsistent with both the objectives of the Juvenile Court Act and orderly procedure in the Circuit Court. We conclude that defendant had the right to waive, and did in fact waive, procedures pursuant to the Juvenile Court Act in this cause, when defendant waived indictment and pleaded guilty to the Information as a result of plea bargaining.

With respect to the constitutional issues which were referred to by defendant, the disposition of this cause would be the same whether or not the Juvenile Court Act is constitutional. A discussion of the constitutional aspects of the Juvenile Court Act will be found in *People v. Sprinkle* (1972), 4 Ill.App.3d 6.

■■■ Defendant also objects to the sentence of not less than four years nor more than five years imposed in this case. While such sentence does not follow a suggested sentence procedure that the minimum sentence, preferably, should not exceed one-third of the maximum sentence imposed, we do not believe that such procedure should be applied in all cases. The record in this cause indicates the nature of defendant's offense. It would have sustained an Armed Robbery conviction. We have indicated that a court of review should not intervene to modify a sentence unless the record clearly indicates that such modification is required by the record. We find nothing in the record before us which would authorize us to make reduction of the sentence in this cause upon such basis.

For the reasons stated, the judgment of the Circuit Court of Kankakee County is affirmed.

Judgment affirmed.

DIXON and SCOTT, JJ., concur.