**UNITED STATES of America ex rel. Emanuel PEDROSA, Petitioner,**

v.

**Allyn SIELAF, Director of the Illinois Department of Corrections, Respondent.**

No. 76 C 2297.

United States District Court,
N. D. Illinois E. D.

July 7, 1977.

Leo E. Holt, Chicago, Ill, for petitioner.

Stuart W. Opdycke, Asst. Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM OPINION

GRADY, District Judge.

Petitioner, convicted of murder in the Circuit Court of Cook County, has brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that his transfer from juvenile court to criminal court denied him due process and equal protection. We will grant petitioner relief on claim eight, a due process claim.

1. The transfer statute was amended in 1973, subsequent to petitioner's transfer to criminal court.

2. Because of the holding in *United States ex rel Bombacino v. Bensinger*, 498 F.2d 875 (7th Cir. 1974), petitioner might not have been able to prevail on this claim even if he had been denied a hearing under the statute. The continued viability of *Bombacino* is questionable, however, in light of the subsequent Supreme Court case dealing with juvenile rights, *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), and the holding of the Illinois Supreme Court that the transfer decision is ultimately a judicial, not a prosecutorial, decision. *People v. Rahn*, 59 Ill.2d 302, 319 N.E.2d 787 (1974).

3. The statute under which petitioner was transferred provided:
 If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the laws of this State, the State's Attorney shall determine the court in which that minor is to be prosecuted; however, if the Juvenile Court Judge

## DUE PROCESS CLAIMS

In claim seven, petitioner alleges that because he was transferred under a statute, Ill.Rev.Stat. chap. 37, § 702–7(3) (1971),[1] which did not provide for a hearing, he was denied due process. Although the transfer statute did not require a hearing, it is apparent from the transcript of proceedings before the juvenile court that petitioner was given one. Therefore, petitioner is not aggrieved by the absence of the hearing provision and lacks standing to assert this claim.[2] *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 260, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977).

In claim eight, petitioner contends that the transfer statute was unconstitutional on its face because it was devoid of any guidelines or standards for decision.[3] We agree. The "waiver of jurisdiction [by the juvenile court] is a 'critically important' action," *Kent v. United States*, 383 U.S. 541, 547, 86 S.Ct. 1045, 1055, 16 L.Ed.2d 84 (1966), "a matter of great significance to the juvenile." *Breed v. Jones*, 421 U.S. 519, 535, 95 S.Ct. 1779, 1788, 44 L.Ed.2d 346 (1975).[4] A judge should not be allowed to make such a "critical" decision without some standards to guide him. Where there are no standards to govern the exercise of

objects to the removal of a case from the jurisdiction of the Juvenile Court, the matter shall be referred to the chief judge of the circuit for decision and disposition. If criminal proceedings are instituted, the petition shall be dismissed insofar as the act or acts involved in the criminal proceedings are concerned. Taking of evidence in an adjudicatory hearing in any such case is a bar to criminal proceedings based upon the conduct alleged in the petition.
Ill.Rev.Stat. chap. 37, § 702–7 (1971).

4. The consequences of waiver are of enormous significance to the juvenile. He is compelled to forfeit the statutory rights and benefits which are accorded to him under juvenile court jurisdiction. If convicted in criminal court, he will have accumulated a criminal record which will follow him for the rest of his life. He will also face the prospect of incarceration for a longer period of time in an institution where he may well be subject to attack and abuse by the adult inmates.
Comment, Juvenile Transfer in Illinois, 67 J.Crim.L. & Crim. 287, 288 (1976).

his discretion, "the scheme permits and encourages an arbitrary and discriminatory enforcement of the law." *Papachristou v. City of Jacksonville*, 405 U.S. 156, 170, 92 S.Ct. 839, 847, 31 L.Ed.2d 110 (1972).[5]

At one point, the respondent seems to argue that the transfer decision is a prosecutorial one and therefore not subject to the "standards" requirement that due process imposes on the judiciary. This argument is clearly invalid because the Illinois Supreme Court has held that the transfer decision under that statute is ultimately a judicial decision. *People v. Rahn*, 59 Ill.2d 302, 319 N.E.2d 787 (1974).

■ Respondent also argues that when the transfer statute is read together with the statement of purpose prefacing the Juvenile Court Act, Ill.Rev.Stat. chap. 37, § 701–2(1) (1971),[6] due process is satisfied. While we agree that a statement of purpose might in some circumstances supply the precision lacking in a statute, we have concluded that this particular statement provides little if any guidance and does not compensate for the vagueness in the transfer statute.

Neither was the vagueness in the statute removed by any Illinois decisions construing the statute to require criteria for the transfer decision. Nothing prevented the Illinois juvenile judge from using any criteria he desired no matter how arbitrary. This potential for arbitrariness was aggravated by the absence of provisions requiring a statement of reasons for the transfer (the judge in this case gave no reasons), or allowing appellate review of the transfer decision.

■ Because we have decided that the statute under which petitioner was transferred was unconstitutionally vague [7] and that this vagueness cannot be justified as serving some unique goal of the juvenile court system, *see Breed v. Jones,* 421 U.S. 519, 535–541, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), we hold that petitioner's transfer denied him due process. This decision, however, does not require petitioner's unconditional release. Such a drastic remedy is not necessary. Subsequent to petitioner's transfer, the Illinois legislature amended the transfer statute to supply standards for the transfer decision. *See* Ill.Rev.Stat. chap. 37, § 702–7(3) (1976).[8] While these

---

5. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.

 *Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222 (1972).

6. § 701–2. Purpose and Policy

 (1) The purpose of this Act is to secure for each minor subject hereto such care and guidance, preferably in his own home, as will serve the moral, emotional, mental, and physical welfare of the minor and the best interests of the community; to preserve and strengthen the minor's family ties whenever possible, removing him from the custody of his parents only when his welfare or safety or the protection of the public cannot be adequately safeguarded without removal; and, when the minor is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should be given by his parents, and in cases where it should and can properly be done to place the minor in a family home so that he may become a member of the family by legal adoption or otherwise.

7. *Cf. Alsager v. District Court of Polk City,* 406 F.Supp. 10, 17–21 (S.D.Iowa 1975), *aff'd,* 545 F.2d 1137 (8th Cir. 1976), and *Stamus v. Leonhardt,* 414 F.Supp. 439 (S.D.Iowa 1976). We are aware of decisions holding other state transfer statutes sufficiently precise to survive a vagueness challenge. *See State v. Speck,* 242 N.W.2d 287 (Iowa Sup.Ct.1976); *In re F.R.W. v. State,* 61 Wis.2d 193, 212 N.W.2d 130 (1973); *In re Welfare of I.Q.S. v. Parker,* —— Minn.——, 244 N.W.2d 30 (1976); *People v. Peters,* 397 Mich. 360, 244 N.W.2d 898 (1976). In these cases, either the transfer statute or judicial rules provided some criteria to apply to the transfer decision.

8. § 702–7. Criminal Prosecutions Limited

 \* \* \* \* \* \*

 (3) If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the laws of this State, and, on motion of the State's Attorney, a Juvenile Judge, designated by the Chief Judge of the Circuit to hear and determine such motions, after investigation and hearing but before commencement of the adjudicatory hearing, finds that it is not in the best interests of the minor or of the public to

standards have been criticized as ambiguous,[9] we conclude that they are specific enough to satisfy due process. Because the statute is procedural and the changes are ameliorative, a hearing under the amended statute will not contravene Article I, § 10 of the United States Constitution which prohibits a state from enacting *ex post facto* laws. *See Dobbert v. Florida*, —— U.S. ——, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). Therefore, petitioner should be given a hearing under the amended statute.[10] The issue will be whether, under the standards of the amended statute, petitioner's transfer to the criminal division in 1972 was proper.

If the state court should find that the transfer was improper, petitioner should be released. If, however, the court should find that the transfer was proper, petitioner's conviction should stand. *See Kent v. United States*, 383 U.S. 541, 564–65, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).

### EQUAL PROTECTION CLAIMS

 We have decided to dismiss claims nine and ten for failure to state a claim. In claim nine, petitioner alleges that the absence of guidelines in the statute denied him equal protection. To state a claim that a particular statute denies him equal protection, petitioner must allege either that the statute on its face treats similarly situated groups differently, *United States v. Antelope*, 430 U.S. 641, 97 S.Ct. 1395, 51 L.Ed.2d 701 (1977), or that the statute, though neutral on its face, is enforced against a particular class in a discriminatory manner. *Williams v. Illinois*, 399 U.S. 235, 242, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). Petitioner's mere assertion that the absence of guidelines denied him equal protection does not satisfy these pleading requirements.

 In claim ten, petitioner alleges that the transfer statute denied him equal protection because it allowed the state to appeal a juvenile judge's decision not to transfer while depriving the juvenile of any right to appeal the transfer decision. The "appellate review" which the prosecutor enjoys is the right to ask the chief judge of the circuit to "reverse" the juvenile judge's decision. Under this statutory scheme petitioner has no interlocutory review available. *People v. Jiles*, 43 Ill.2d 145, 251 N.E.2d 529 (1969). It is well settled, however, that a grant of interlocutory review to the prosecution, but not to the defendant, does not violate the equal protection clause. *See United States v. Bitty*, 208 U.S. 393, 28 S.Ct. 396, 52 L.Ed. 543 (1908) and *United States v. Heinze*, 218 U.S. 532, 31 S.Ct. 98, 54 L.Ed. 1139 (1910). Explaining the rationale for this review procedure within the

---

proceed under this Act, the court may enter an order permitting prosecution under the criminal laws.

(a) In making its determination on a motion to permit prosecution under the criminal laws, the court shall consider among other matters: (1) whether there is sufficient evidence upon which a grand jury may be expected to return an indictment; (2) whether there is evidence that the alleged offense was committed in an aggressive and premeditated manner; (3) the age of the minor; (4) the previous history of the minor; (5) whether there are facilities particularly available to the Juvenile Court for the treatment and rehabilitation of the minor; and (6) whether the best interest of the minor and the security of the public may require that the minor continue in custody or under supervision for a period extending beyond his minority. The rules of evidence shall be the same as under Section 5–1 of this Act. (b) If criminal proceedings are instituted, the petition shall be dismissed insofar as the act or acts involved in the criminal proceedings are concerned. Taking of evidence in an adjudicatory hearing in any such case is a bar to criminal proceedings based upon the conduct alleged in the petition.

9. *See* Comment, Juvenile Transfer in Illinois, 67 J.Crim.L. & Crim. 287, 302–09 (1976).

10. Petitioner argues that because he is older than seventeen, the juvenile court cannot have jurisdiction over him. This is a question the state court can decide. As we read Ill.Rev.Stat. chap. 37, § 701–8, and *People v. Jiles*, 43 Ill.2d 145, 251 N.E.2d 529, 530 (1969), the juvenile court is not a court of separate jurisdiction but rather a division of the circuit court. Therefore, we can see no jurisdictional bar to allowing a juvenile court to conduct the hearing. Under the definition of "court" in Section 701–8, a circuit court in a special session might be a proper forum for the hearing.

context of 18 U.S.C. § 3731, the Supreme Court has stated:

> If a court of original jurisdiction errs in quashing, setting aside, or dismissing an indictment for an alleged offense against the United States upon the ground that the statute on which it is based is unconstitutional, or upon the ground that the statute does not embrace the case made by the indictment, there is no mode in which the error can be corrected and the provisions of the statute enforced, except the case be brought here by the United States for review. . . . Congress was not required by the Constitution to grant to an accused the privilege of bringing here, upon the overruling of a demurrer to the indictment, and before the final determination of the case against him, the question of the sufficiency of the indictment simply because, in the interest of the prompt administration of the criminal law, it allowed the United States to prosecute a writ of error directly to this court for the review of a final judgment which stopped the prosecution by quashing or dismissing the indictment upon the ground of the unconstitutionality or construction of a statute.

*United States v. Bitty*, 208 U.S. at 400, 28 S.Ct. at 398. Petitioner argues that the juvenile judge's decision not to transfer is not analogous to the decision to dismiss an indictment because in the latter instance the order terminates the litigation. However, we believe the analogy is valid. The juvenile judge's decision not to transfer also terminates the prosecution of the juvenile as an adult.

### CONCLUSION

Accordingly, we dismiss claim seven for lack of subject matter jurisdiction and claims nine and ten for failure to state a claim. On claim eight, petitioner will be granted a writ of habeas corpus entitling him to immediate release from custody on October 7, 1977, unless by that date a new transfer hearing has been commenced to determine whether, under the standards of Ill.Rev.Stat. chap. 37, § 702–7(3) (1976), petitioner's transfer to the criminal division in 1972 was proper.