*In re* GORDON DYESS, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* GORDON DYESS, Defendant-Appellant.)—*In re* MICHAEL STRICKLAND, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* MICHAEL STRICKLAND, Respondent-Appellant.)—*In re* DARNELL MURFF, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* DARNELL MURFF, Respondent-Appellant.)

First District (4th Division)    Nos. 77-397, 77-578, 77-940 cons.

Opinions filed July 13, 1978.

572

ROMITI, J., dissenting.

James J. Doherty, Public Defender, of Chicago (Aaron L. Meyers, Dennis E. Urban, and Frances Sowa, Assistant Public Defenders, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Myra J. Brown, Kenneth T. McCurry, and Margaret K. Stanton, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

In these three consolidated appeals the minor-respondents Dyess, Murff and Strickland were alleged to be under 17 years of age at the time of the commission of their respective offenses, but no proof of age was produced at the respective hearings. They were found to be delinquent, and each was committed to the Department of Corrections.

The common issue for review is whether the juvenile court had jurisdiction to make a finding of delinquency when the State presented no proof of age. Further, in the case of respondent Michael Strickland it is argued that the State failed to prove him guilty of forcible rape beyond a reasonable doubt when it did not offer proof he was over 14 years of age and that the court erred by failing to explicitly adjudicate him as a ward of the court.

In case No. 77-397, respondent Gordon Dyess was alleged to have been born on January 19, 1960, and he was found to have committed aggravated battery on November 22, 1975. In case no. 77-940, respondent Darnell Murff was alleged to have been born on December 9, 1959, and he was found to have committed armed robbery and unlawful restraint on February 7 and 8, 1976. In case No. 77-578, respondent Michael Strickland was alleged to have been born on January 10, 1960, and he was found to have committed the offenses of rape and robbery on November 3, 1975.

All respondents contend that because the State produced no proof that each was under 17 years of age, the juvenile court was without jurisdiction to find them to be delinquent. They also contend that proof of age on remand is not appropriate because of double jeopardy restrictions.

Several other First District opinions have all held that the State must offer proof of age to confer jurisdiction on the juvenile court under the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 701—1 *et seq.*). In *In re Brown* (1st Dist. 1977), 49 Ill. App. 3d 580, 364 N.E.2d 657, *aff'd on other grounds* (1978), 71 Ill. 2d 151, 374 N.E.2d 209, the appellate court held that proof of age under 17 was one of the elements of delinquency as set forth in section 2—2 of the Act which must be proved, and the court reversed the case without remand. Of consequence to the resolution of *Brown* was section 2—2 of the Act which provides:

"Those who are delinquent include any minor who prior to his 17th birthday has violated or attempted to violate, regardless of where the act occurred, any federal or state law or municipal ordinance; and (b) prior to January 1, 1974, any minor who has violated a lawful court order made under this Act." (Ill. Rev. Stat. 1975, ch. 37, par. 702—2.)

Further, the court also relied on section 4—6 of the Act which refers back to section 2—2 as follows:

"At the adjudicatory hearing, the court shall first consider only the question whether the minor is a person described in Section 2—1. The standard of proof and rules of evidence in the nature of criminal proceedings in this State are applicable to section 2—2. * * *". (Ill. Rev. Stat. 1975, ch. 37, par. 704—6.)

Finally, section 2—1 entitled "Jurisdictional Facts" provides as follows:

"Proceedings may be instituted under the provisions of this Act

concerning boys and girls who are delinquent, otherwise in need of supervision, neglected or dependent, as defined in Sections 2—2 through 2—5." (Ill. Rev. Stat. 1975, ch. 37, par. 702—1.)

The appellate court in *Brown* concluded that if age were not required as an element of proof, an individual over the age of 17 could remain mute throughout the proceedings and be adjudicated as a juvenile and that such a possibility is inconsistent with the purpose and policy of the Act as set forth in section 1—2(1) which denominates the legislative policy for the treatment of juveniles.

Our supreme court affirmed the decision in *Brown*, based on the factual issue that the State had not proved guilt beyond a reasonable doubt. With respect to the issue of age, the supreme court merely found that there was sufficient proof of age based on the allegation of age in the petition of delinquency, which was not denied other than in a *pro forma* blanket denial of allegations of the delinquency petition, and based upon Brown's testimony at a pretrial motion to suppress wherein he had stated he was 15 years old.

In the case of *In re Frazier* (1st Dist. 1978), 60 Ill. App. 3d 119, 376 N.E.2d 643, the court relied on the appellate court opinion in *Brown* and held that proof of age was a jurisdictional fact, but the case was remanded with directions to determine the age of the respondent at the time the act occurred. If respondent was less than 17, the trial court was directed to proceed with the implementation of the order of commitment, and if respondent was found to be over 17, the trial court was directed to dismiss the proceedings for lack of jurisdiction.

Similarly, in *In re Greene* (1st Dist. 1978), 59 Ill. App. 3d 286, 374 N.E.2d 1322, the court relied on the appellate court opinion in *Brown* and inferred from the supreme court's treatment of the issue that proof of age was required.

Finally, in *In re Eicher* (1st Dist. 1978), 59 Ill. App. 3d 1021, 376 N.E.2d 697, the court relied on the appellate court opinion in *Brown* and found that the allegation of age in the petition merely sufficed to allow the court to proceed to an adjudicatory hearing concerning delinquency and that the allegation concerning age was an element of the petition to be proved. The court concluded that such failure by the State required reversal without remandment and that a subsequent prosecution would be barred.

We note that the sole authority for the proposition asserted here in the appellate court opinion in *Brown* was *People v. Mendenhall* (1969), 21 Ohio App. 2d 135, 255 N.E.2d 307, a case which was based on an Ohio statute (Ohio Rev. Code Ann. §2151.23), which provided that the Juvenile Court had exclusive original jurisdiction concerning any child who is delinquent. That statute is contrary to the statutory and constitutional authority in Illinois, under which the criminal court and the juvenile court

are divisions of a single unified circuit court. Ill. Const. 1970, art. VI, §9; Ill. Rev. Stat. 1975, ch. 37, par. 701—8; *People v. Jiles* (1969), 43 Ill. 2d 145, 147, 251 N.E.2d 529; *People v. Shaw* (1972), 3 Ill. App. 3d 1096, 1100, 279 N.E.2d 729, *appeal denied* (1972), 50 Ill. 2d 650; *People v. Henderson* (1971), 2 Ill. App. 3d 285, 276 N.E.2d 277, *appeal denied* (1972), 49 Ill. 2d 578.

Section 9 of article VI of the Illinois Constitution of 1970 provides as follows:

"Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office. Circuit Courts shall have such power to review administrative action as provided by law."

The present Juvenile Court Act provides that " 'Court' means the circuit court in a session or division assigned to hear proceedings under this Act." Ill. Rev. Stat. 1975, ch. 37, par. 701—8.

In *People v. Jiles,* our supreme court stated:

"Under the new judicial article which became effective in 1964, both the former juvenile court and the former criminal court of Cook County are now divisions of a single, unified circuit court." 43 Ill. 2d 145, 147.

In *People v. Shaw,* the court stated:

"We note that the Circuit Court has unlimited original jurisdiction of all justiciable matters by virtue of Section 9 of Article VI of the Illinois Constitution. The Juvenile Court Act simply makes a procedural arrangement so far as juveniles are concerned and specifically directs, at least by implication, that no criminal matters shall be undertaken as against a male infant between 13 and 17 years of age until after the recommended procedure in Section 702—7." 3 Ill. App. 3d 1096, 1100.

In *People v. Henderson,* the court affirmed an order entered *nunc pro tunc,* correcting the *mittimus* to commit a defendant to the Illinois Youth Commission when after trial the court was advised that the youth was in fact a juvenile rather than an adult as she had alleged at trial. On appeal, the court held that the trial court had jurisdiction both to try the case and to sentence defendant to the Illinois Youth Commission. The court stated:

"We find that the circuit court was with jurisdiction to try this matter. Article VI, Sec. 9 of the Illinois Constitution of 1870 provides that the circuit court is to have unlimited original jurisdiction of all justiciable matters, and such powers of review of administrative action as may be provided by law. The only limitation placed on the jurisdiction of the circuit court under the

Constitution of 1970 (Article VI, Sec. 9) is in those matters where the Supreme Court has original and exclusive jurisdiction relating to the redistricting of the General Assembly and to the ability of the Governor to serve or resume office." 2 Ill. App. 3d 285, 287.

In *People v. Hall* (1977), 55 Ill. App. 3d 341, 343, 371 N.E.2d 26, *appeal denied* (1978), 71 Ill. 2d ___, the court relied on *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760, and held that section 2—7 of the Act did not divest a criminal court of jurisdiction to hear a case even though the trial court had erroneously denied a motion to dismiss a criminal indictment because defendant was 16 years old on the date of the alleged crime. The court stated that the prosecution of a juvenile in adult criminal proceedings without regard to the transfer proceedings set forth in the Act was voidable rather than void and was only subject to attack on direct appeal. (Also see *People v. Walker* (1974), 19 Ill. App. 3d 798, 313 N.E.2d 217 (abstract).) Similarly, in *People v. Boclaire* (1975), 33 Ill. App. 3d 534, 539, 337 N.E.2d 728, it is apparent that the court had determined that authority to proceed rather than "jurisdiction" was the basis for the statutory transfer provision.

Respondents Murff and Strickland both rely on *State v. Mendenhall* and *Ballard v. State* (Tex. Civ. App. 1946), 192 S.W.2d 329, to support their contentions but their reliance is misplaced. We have already indicated that *State v. Mendenhall* is based on an Ohio statute which is not in harmony with Illinois law. In *Ballard v. State,* the court found that the judgment order providing that the juvenile be a ward of the court until age 21, did not recite a birthday or an age and it could not be determined when commitment would end. For that and other reasons the cause was remanded, but the court did not find that age was a jurisdictional fact.

Murff and Strickland also rely on *Wistrand v. People* (1904), 213 Ill. 72, 72 N.E. 748, and *People v. Rogers* (1953), 415 Ill. 343, 114 N.E.2d 398, which held that proof of age in nonforcible rape cases is an element of the crime which must be proved. Those cases are inapplicable with respect to the instant contention because they refer to an element of the crime charged, rather than to jurisdiction.

As a matter of policy we believe that requiring the State to show proof of age would be an intolerable burden. Proof of age can realistically only be obtained from limited sources such as public birth records and respondent's family. In many cases authenticated birth records are impossible to obtain, and it is unrealistic to expect that members of respondent's family would testify to a necessary element of the State's case. We also find the fear expressed in the appellate court's opinion in *Brown,* that an adult could possibly be adjudicated as a juvenile without proof of age, is not such an alarming prospect that it would justify imposing the onerous burden of proof of age on the State.

■■■ The above analysis convinces us that the age limitation in the Act merely confers an authority to proceed rather than jurisdiction on the juvenile court. We conclude that where a petition for the adjudication of wardship alleges that respondent is a juvenile and he fails to specifically raise the issue, he is deemed to have waived it. We note the supreme court in *Brown* seemed to indicate that the *pro forma* denial of the allegations of the petition was not sufficient to specifically raise the issue.

■■ With respect to Michael Strickland's other contentions, he first alleges that the State did not prove every material element of the crime of forcible rape by failing to prove he was over 14 years of age. A similar contention was considered and rejected most recently in *In re Reed* (1977), 52 Ill. App. 3d 143, 367 N.E.2d 283, *appeal denied* (1977), 66 Ill. 2d 641, wherein the court held that proof of age of less than 14 years is an affirmative defense and not an element to be proved unless raised at trial. (Also see *In re Williams* (1974), 24 Ill. App. 3d 593, 598, 321 N.E.2d 281, and the cases cited therein.) The issue of age was not raised in Strickland's hearing and we find his contention on appeal to be without merit.

■■ Strickland also contends the judgment and order of commitment cannot stand because there was no explicit determination of wardship. However, in *In re Jennings* (1977), 68 Ill. 2d 125, 368 N.E.2d 900, our supreme court held the Act does not require that the order and proceedings be ritualized to the extent that language other than the words "ward of the court" may not be used. The supreme court found that even though the adjudicatory orders did not contain the explicit language, they did contain sufficient language to adjudicate the status of the children as wards of the court. Language identical to that in Strickland's dispositional order has been determined to be sufficient to adjudicate status as a ward of the court. *In re Wright* (1977), 55 Ill. App. 3d 352, 371 N.E.2d 28; *In re Ephriam* (1st Dist. 1978), 60 Ill. App. 3d 848, 377 N.E.2d 49.

For these reasons the judgments are affirmed.

Judgments affirmed.

JOHNSON, P. J., concurs.

Mr. JUSTICE ROMITI, dissenting:

I respectfully dissent.

Proof of age in a juvenile case serves a dual purpose. I agree with my colleagues that such proof confers authority to proceed under the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—1), rather than conferring jurisdiction, as was held in *Frazier*. But proof of age also establishes one of the elements of delinquency—an element clearly set out in the Act—that the acts committed by the respondent occurred prior to

his 17th birthday. (Ill. Rev. Stat. 1975, ch. 37, par. 702—2.) While this court in *Brown* (and in *Green* and *Eicher* through quotations from *Brown*) did *state* that proof of age was a jurisdictional fact, the *holding* in those cases was that proof of age was an element of delinquency, and the failure of the State to prove that element was held to mandate reversal without remandment. The majority in this case has failed to distinguish those cases as to that holding—a holding which was based on the explicit language of our statute. Our supreme court implicitly recognized this requirement in its affirmance of *Brown* when it found that proof of age had in fact been established through the admission of the respondent.

The one case which deviated from this line of authority, *Frazier,* discussed only the jurisdictional question and thus did not explicitly hold that proof of age was not an element of delinquency. Two of the respondents before us have specifically argued that such proof is a necessary element of delinquency as well as being a jurisdictional fact. We are thus squarely presented with the issue. The legislature has made proof of age an element of proof of delinquency. The legitimate policy concerns raised by such a requirement are properly the concern of that body. This court should enforce that requirement.