THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE BANKS, JR., Defendant-Appellant.

(No. 73-193;

Fifth District—June 27, 1975.

924

Paul Bradley and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, Willie Banks, Jr., was convicted of armed robbery in Madison County and sentenced to from 4 to 6 years. The defendant was 15 at the time of the offense. The proceedings were commenced when the State filed a petition asking that defendant be adjudged delinquent on the basis of the armed robbery. The State also moved the court to allow the defendant to be tried as an adult pursuant to section 2—7 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—7). A combined detention and transfer hearing was held the same day. Evidence was taken and the judge made specific findings on the record which comport with the considerations justifying transfer contained in the Juvenile Court Act. Defendant was subsequently convicted by a jury of three counts of armed robbery. The court, however, entered judgment and sentence on one count only.

The incident occurred in the evening of New Year's Eve at Byrl's Tavern in Alton. A man dressed in a gray coat entered the tavern, pulled a sawed-off shotgun from under the coat, and took money from several patrons. Before leaving, the man kissed one of the victims. The police came to the tavern and showed many of the patrons several pictures of young black men. Defendant's picture was not among them. One patron identified one picture, and two other victims said that one or more of the

pictures resembled the robber. The next day, defendant was arrested while a passenger in a car stopped by police for a routine investigation. Defendant was wearing a gray coat and a sawed-off shotgun was found under the car seat. The gun was loaded and shotgun shells were found in defendant's pocket. A lineup was held consisting of five men, including defendant and the men whose pictures had been recognized at the tavern. Because defendant was a juvenile, representatives from the State's attorney's office and the public defender's office were present at the request of the police. The evidence about the lineup was conflicting. There was varying testimony about how many people made identifications and when they communicated the identification to the police. At trial, five witnesses positively identified defendant and two others thought defendant was the robber but were not certain. In addition, several witnesses identified the coat and the shotgun, both introduced at trial.

The defendant attempted to establish an alibi. Six witnesses and the defendant testified that he was at a party in a private home during the time of the robbery. He denied ownership of the coat and the gun and explained that he obtained the coat from a friend the morning after the robbery. Defendant stated that he had picked up the shotgun shells at a friend's house.

Defendant first contends that the transfer hearing held on the same day the delinquency petition was filed failed to satisfy the provisions of the Juvenile Court Act.

■■ The evidence taken at the hearing consisted solely of the testimony of Edgar McClary, an Alton police officer, who summarized the police reports made about the incident, defendant's arrest, and the identification proceedings. The State asked the court to take judicial notice of defendant's past record in the juvenile court. The court noted several prior proceedings involving the defendant and then placed on the record detailed findings of the elements prescribd by statute for consideration in a transfer proceeding. Section 2—7(3) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—7(3)(a)) states in relevant part:

> "In making its determination on a motion to permit prosecution under the criminal laws, the court shall consider among other matters: (1) whether there is sufficient evidence upon which a grand jury may be expected to return an indictment; (2) whether there is evidence that the alleged offense was committed in an aggressive and premeditated manner; (3) the age of the minor; (4) the previous history of the minor; (5) whether there are facilities particularly available to the Juvenile Court for the treatment and rehabilitation of the minor; and (6) whether the best

interest of the minor and the security of the public may require that the minor continue in custody or under supervision for a period extending beyond his minority."

At the outset it should be noted that the statute requires the court to "consider" these factors. There is no specific requirement that detailed evidence be taken on each, nor does the statute direct the judge to weigh factors in a certain manner or achieve some predesigned balance. Common sense demands, of course, that some evidence be presented or available for consideration by the judge. Defendant does not dispute the court's finding that sufficient evidence was presented to indicate that the offense was a serious and aggressive one and that defendant would likely be indicted. His main contention is that the court had no evidence before it of the facilities available for treatment and the inability of the juvenile system to provide treatment and rehabilitation or that the best interests of society or the minor required prosecution as an adult. We do not read the statute to require the judge to consider evidence beyond his own knowledge of available facilities and his conclusion as to the effectiveness of treatment of the particular minor in these facilities. It is true that the one witness who testified spoke only in vague generalities about defendant's background. But the record before this court contains well over 100 pages of material about defendant's prior antisocial conduct, school records, test results, family background, and experiences with the juvenile court. That record is replete with indications that the juvenile process, school and family discipline had failed to aid the defendant in conforming his conduct to recognized social norms. The record reflects a pattern of violence, hostility, and rejection of authority and discipline. We believe the instant offense to be but a culmination of these past difficulties. While we do not hold, as defendant suggests, that to deny him treatment in the juvenile process relegates that process to the treatment of juveniles charged with minor offenses only without regard to other factors, we believe that the seriousness of the instant offense coupled with the disturbing evidence of defendant's background left the court no alternative but to dismiss juvenile proceedings and allow the commencement of adult criminal proceedings. The record also reflects that the juvenile court judge who presided at the transfer proceedings had conducted prior proceedings concerning the defendant and was familiar with his background.

■■ Defendant also contends that because the proceedings were held on the same day the petition was filed, his counsel was denied adequate time to prepare his case. In another situation, we might find this celerity disturbing. A transfer proceeding is an extremely serious matter and counsel should be given adequate time to prepare a defense to the peti-

tion. In addition, it would be counsel's responsibility to aid the court in seeking out alternatives within the juvenile system wherein the minor could receive treatment and rehabilitation free of the stigma and trauma of adult proceedings. In the instant case, however, it is notable that counsel did not object to the hearing being held so quickly. The record reflects a rational basis for this decision. Defendant's counsel for the transfer proceedings had previously represented defendant as counsel and guardian *ad litem* in juvenile proceedings. As guardian *ad litem* he had available to him most or all of defendant's background information. In addition, counsel was present and participated in a former hearing on a petition to adjudge defendant a minor otherwise in need of supervision. Counsel represented defendant aggressively and competently at the transfer proceedings and we find no indication that defendant was in any way prejudiced by the court's decision to conduct the consolidated hearing on the same day the petition was filed.

■■ In his reply brief, defendant argues that the court failed to comply with other requirements of the Juvenile Court Act, including ordering social and psychological reports. He also complains that the contents of reports used were not disclosed to parents and counsel who had no opportunity to refute them. These requirements are contained in section 5—1 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—1), which refers specifically to dispositional hearings. By definition, a dispositional hearing occurs only when the matter is prosecuted through the juvenile court process. (Ill. Rev. Stat. 1973, ch. 37, par. 701—10.) Defendant argues, however, that the statement in section 2—7 (par. 702—7) that "the burden and standard of proof shall be the same as under [par. 705—1]" incorporates all requirements of section 5—1 (par. 705—1) to transfer proceedings. We do not believe such a broad interpretation is justified. It is interesting to note that since defendant's hearing and trial, section 2—7 (par. 702—7) was amended in part to read "the rules of evidence shall be the same as under [par. 705—2]." The Council Commentary states: "The same standard and burden of proof required under subparagraph 705—1(a) are applicable to this hearing." (Ill. Ann. Stat. ch. 37, § 702—7 (Smith-Hurd 1975 Supp.).) It appears, therefore, that the amendment did not alter the substance of the burden of proof provision and the limitation implied in the Council Commentary is applicable. We believe the intent of the legislature to be to incorporate into section 2–7 (par. 702—7) that portion of section 5—1 (par. 705—1) that reads: "All evidence helpful in determining [the best interest of the public and the minor], including oral and written reports, may be admitted and may be relied upon to the extent of its probative value, even though not competent for the purposes of the adjudicatory hearing." This was clearly

meant to relax the strict rules of evidence that apply to adult criminal proceedings. The court in the instant case adequately complied with the dictates of the Juvenile Court Act.

■■ Defendant next contends that he was not proved guilty beyond a reasonable doubt. As we noted above, the evidence against the defendant was overwhelming. The jury had before it the testimony of several eyewitnesses who positively identified the defendant, the gun found in his presence and the coat worn in the robbery. Defendant attempted to impeach the witnesses on several grounds and presented testimony by a witness to the lineup. It is the province of the jury to determine the credibility of the witnesses and the weight to be given their testimony. We will not disturb the jury verdict unless it is so palpably contrary to the evidence as to compel a finding of reasonable doubt of defendant's guilt. (*People v. Benedik*, 56 Ill.2d 306, 307 N.E.2d 382 (1974); *People v. Hamilton*, 27 Ill.App.3d 249, 327 N.E.2d 35 (1975).) Nor does defendant's alibi testimony affect our decision. The jury may choose to believe the State's witnesses and disbelieve alibi testimony even though the State's evidence is contradictory. (*People v. Jackson*, 54 Ill.2d 143, 295 N.E.2d 462 (1973); *People v. Hamilton.*) We believe that the record reflects overwhelming evidence of defendant's guilt.

■■ Defendant's final contention is that he was denied a fair trial because of a certain prejudicial closing argument by the State. It should be noted that defendant did not object to the contested argument nor did he raise the matter in his post-trial motion. Thus, any error may have been waived. But the State on appeal has conceded that certain portions of the argument were improper. There can be no doubt that portions of the State's argument were injudicious and inappropriate. Such matters should be avoided by counsel on both sides. We have read the record in its entirety, however, and, in light of the overwhelming evidence of defendant's guilt, hold that any error committed in the State's closing argument was harmless beyond a reasonable doubt and could not have contributed materially to the verdict. *People v. Clark*, 52 Ill.2d 374, 288 N.E.2d 363 (1972); *People v. Swets*, 24 Ill.2d 418, 182 N.E.2d 150 (1962).

The judgment of the Circuit Court of Madison County is affirmed.

Affirmed.

JONES, P. J., and CARTER, J., concur.