THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEFFREY LYNN THOMAS, Defendant-Appellant.

(No. 74-284;

Second District (1st Division)—January 22, 1976.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Loren Golden, State's Attorney, of Mt. Carroll (Edward W. Morris and Robert L. Janes, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The single issue presented herein is whether the proceedings transferring the action against the minor defendant, Jeffrey Lynn Thomas, to the adult court complied with the transfer provisions of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—7). Defendant, who was sentenced to 2-6 years upon acceptance of his plea of guilty to the offense of theft over $150 following the transfer, argues that the trial court lacked jurisdiction to accept his plea because his transfer was improper.

On April 29, 1974, the State's Attorney of Carroll County filed a petition for adjudication of wardship concerning the defendant who was then 16 years of age. The petition alleged that the defendant knowingly exerted unauthorized control over a certain Fleetwood Cadillac Eldorado having a value in excess of $150, intending to permanently deprive its owner of its use or benefit. Also on April 29, the State's Attorney filed a petition praying that the court enter an order permitting prosecution of the minor under the criminal laws of the State of Illinois and that he be treated as an adult instead of a juvenile. At the detention hearing the court was advised that the minor had made a statement wherein he admitted that he and another boy escaped from the Boys Youth Camp at Savanna, walked several miles and stole the Cadillac

automobile. The vehicle was found near the home of the minor. At the conclusion of the hearing the court entered an order which found probable cause, ordered the minor to be held in detention and set a date for a hearing on the petition to transfer to adult court.

At the hearing on the motion to transfer, the court advised Thomas of the motion, of the rights which obtain if he were tried as an adult instead of as a juvenile, and advised him of the possible sentences which could be imposed upon conviction as an adult of the offense charged. The Public Defender, defendant's appointed counsel, then told the court that his client objected to the petition for transfer. The minor then stated that he would rather be treated as a juvenile. A 35-minute recess was then called to allow Thomas an opportunity to confer with his counsel. Immediately following the recess, counsel advised the court that in the discussion between the minor, his counsel, the State's Attorney and a parole officer wherein "everything had been explained to defendant" defendant stated that he "would be willing to stipulate to being tried as an adult." The State's Attorney then recited defendant's extensive record dating back to January, 1968, which included several offenses of theft and several escapes. Following a statement by the parole officer, the court stated, "I will transfer it on stipulation." Subsequently, the court ordered that defendant be treated as an adult for purposes of prosecution, "it having been stipulated by all parties that the minor be transferred to adult court."

Defendant was then indicted for and pled guilty to the offense of theft over $150 and was sentenced to a term of 2-6 years in the juvenile division of the Department of Corrections.

Essentially, defendant's contention that the court failed to comply with the transfer provisions of the Juvenile Court Act is twofold. Defendant argues first that the transferring judge must consider the six factors set forth in section 2—7(3)(a) of the Juvenile Court Act when the transfer is to be made on motion of the State's Attorney under section 2—7(3) *and* when the transfer is to be made upon motion of the minor with the consent of his counsel under section 2—7(5). Defendant goes on to argue that the transferring judge failed to consider or take evidence on five of the six factors. Second, defendant argues that even if these factors need not be considered when transfer is to be made under section 2—7(5), the instant transfer was defective because the stipulation to transfer was entered into by defendant following improper admonitions or advice by the transferring judge, including misstatements of law. In this context, defendant additionally contends that the stipula-

tion which he entered into does not constitute the "filing of a motion" required to transfer under section 2—7(5).

The first portion of defendant's argument herein clearly lacks merit as is evident from a careful reading of section 2—7 of the Juvenile Court Act. Section 2—7 sets forth two methods by which a transfer from juvenile to adult court may be effectuated. Under one method, a hearing is held upon motion of the State's Attorney pursuant to section 2—7(3). The court in conducting this transfer hearing is directed by subsection (3)(a) to consider the factors set forth therein in making its determination as to whether to permit prosecution under the criminal laws. (See, *e.g., People v. Banks* (1975), 29 Ill.App.3d 923, 331 N.E.2d 561.) Under the second method, pursuant to section 2—7(5), the minor, with the consent of his counsel, may file a motion that criminal prosecution be ordered. Under this procedure, no hearing is required by statute. The statute states that if such a motion is filed, the court shall enter its order accordingly. In paraphrasing this section, the Supreme Court in *People v. Sprinkle* (1974), 56 Ill.2d 257, 260, 307 N.E.2d 161, 162, stated that: "* * * if said motion is filed, then the court shall *so order.*" (Emphasis added.) It thus appears that not only is no hearing required when transfer *is* to be made upon defendant's motion, but that the court lacks discretion as to whether or not to grant the motion made in accord with section 2—7(5). Under the statute it is the minor with the consent of his counsel who has been granted the option to be tried under the criminal laws of this State. The nature of the discretion which is vested in the minor to be tried as an adult, subject only to the consent of his counsel, was stated by the Supreme Court in *People v. Jiles* (1969), 43 Ill.2d 145, 149, 251 N.E.2d 529, 531, as follows:

> "Under the Illinois Juvenile Court Act the juvenile and his attorney have an uncontrolled discretion to choose to be proceeded against in the criminal court. They may make that choice without regard to any considerations relating to the public interest, or even to the ultimate best interest of the juvenile. No judge has any authority to interfere with that choice."

It is apparent, therefore, that the factors set forth in subsection (3)(a) of section 2—7 have no application to a transfer pursuant to subsection (5). Thus, the court's failure to consider these factors in the present case does not affect the validity of the transfer if it is otherwise valid under the statute.

We turn then to defendant's argument that the judge's comments to the minor were improper. Specifically, defendant objects to the following comments of the judge:

"THE COURT: Jeffrey, what the State is asking is to treat you as an adult which means you would have a right to trial, a right to call witnesses to testify in your behalf, as well as to cross examine witnesses testifying against you, the right to subpoena and compel witnesses to attend court if you request them to do so, and the right to be admitted to bail—this is not true in Juvenile Court, there is no provision for bail and no provision for trial."

Defendant argues that the court improperly emphasized the rights that adults enjoy at trial, erred in stating that there is no provision for trial in juvenile court, and contends that the judge thereby deterred him from making a free and knowing choice concerning his transfer.

■■ The judge's statement that there was no provision for trial in juvenile court was, as defendant contends, a misstatement of law in light of the analogous provision of section 1—4 of the Juvenile Court Act providing for an adjudicatory hearing. This misstatement, however, may be tempered by the fact that the provision for an adjudicatory hearing does not guarantee to the minor the full range of rights which an adult enjoys in a criminal trial. (See, *e.g.*, *In re Fucini* (1970), 44 Ill.2d 305, 255 N.E.2d 380, no right to jury trial in juvenile court.) In addition, and more importantly, the record indicates that the minor and his counsel stated that the minor would oppose transfer after these remarks of the judge above noted. It was only after a recess during which everything was explained to the minor and the minor conferred with counsel, the State's Attorney and the parole officer that he stated his desire to stipulate to the transfer. Thus, the record strongly suggests that defendant's decision to stipulate was influenced primarily by consultation with his counsel rather than by the remarks of the judge. We therefore reject defendant's contention that the trial judge's remarks improperly influenced defendant's decision to elect transfer.

■■ Defendant's final argument is that the transfer was invalid because his counsel's statement that defendant "would be willing to stipulate to being tried as an adult" did not constitute the filing of a motion as required by section 2—7(5). Defendant points out that an oral motion would satisfy the requirements of this subsection. With this we agree since a motion is merely an application for a rule or order, made *viva voce* or in writing to a court or judge. (See Black's Law Dictionary 1164 (4th ed. 1951); *Reilly v. Wilkins* (1896), 67 Ill.App. 104.) In *Halter v. Schoreck* (1966), 69 Ill.App.2d 104, 216 N.E.2d 278, the court found the principal distinction between a motion and a petition to be that, while a motion is usually made in writing, it may be made orally

while a petition is always in writing. It is apparent, then, that the statute is complied with when the minor, either orally or in writing, makes application for transfer. The question presented thus becomes whether the defendant's failure to use the word "motion" in his stipulation to transfer amounts to such a defect in the proceedings for transfer which would void the transfer and deprive the adult court of jurisdiction to accept the defendant's plea. Although better practice would include the filing of a motion, we find that defendant's stipulation satisfied the requirements of the statute. As has been noted above, defendant, with the consent of his counsel, has been vested by statute with an unqualified discretion to elect prosecution under the criminal law. When defendant, after consultation with his counsel, stipulated to the transfer, he clearly and specifically stated to the court his decision to so elect. Thus, although technically defective in form, defendant's knowing and voluntary stipulation was in substance sufficient. Since defendant has shown no prejudice resulting from the court's failure to require the use of the term "motion," we decline to reverse the defendant's conviction on this purely formal basis. See *People v. Shaw* (1972), 3 Ill.App.3d 1096, 279 N.E.2d 729.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

SEIDENFELD, P. J., and HALLETT, J., concur.