THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GERARDO DIAZ, Defendant-Appellant.

First District (5th Division)    No. 77-1581

Opinion filed August 3, 1979.—Rehearing denied September 21, 1979.

James J. Doherty, Public Defender, of Chicago (Marc Fogelberg, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Iris E. Sholder, and Ira H. Raphaelson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Following a hearing pursuant to section 2—7(3) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—7(3)), defendant was transferred from the juvenile division to the criminal division of the circuit court for

prosecution as an adult. On appeal, he contends that the juvenile court judge erred in (1) basing the transfer decision on evidence of probable cause which was exclusively hearsay; (2) refusing to allow him to present witnesses to rebut the allegation of probable cause; (3) failing to consider the required statutory factors, and (4) rejecting the uncontradicted testimony that defendant was treatable as a juvenile. He also contends (5) that the appropriate remedy here is unconditional release, and (6) that the record should be sealed and the opinion of this court published under a pseudonym. He raises no contentions regarding his conviction.

The following pertinent facts are contained in the record.

On July 31, 1973, a petition for adjudication of wardship was filed, alleging that Gerardo Diaz, age 16, was delinquent. The petition stated that on July 29, 1973, Diaz committed the offenses of aggravated battery (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(6)), armed robbery (Ill. Rev. Stat. 1973, ch. 38, par. 18—2), and attempt murder (Ill. Rev. Stat. 1973, ch. 38, par. 8—4). According to the petition, Diaz shot Officer Eveland. The motion to transfer to the Criminal Division alleged as follows:

"1. The petition now pending in this Court alleges that the minor has committed the offenses of ARMED ROBBERY, ATTEMPTED MURDER AND AGGRAVATED BATTERY.

2. There is sufficient evidence relating to this charge upon which a grand jury may be expected to return an indictment of the minor.

3. The alleged offenses were committed in an Aggressive and Premeditated manner against the persons of GARFORD EVELAND AND LEE SMERNIS.

4. The minor is sixteen (16) years old (born on April 12, 1957).

5. The minor has eight (8) prior station adjustments (3) prior Court referrals.

6. There are no facilities particularly available to the Juvenile Court which would be adequate for the treatment and rehabilitation of the minor.

7. The best interests of the minor and the security of the public may require that the minor continue in custody and under supervision for a period extending beyond his minority."

At the hearing on the motion to transfer the following pertinent evidence was adduced.

*Investigator Kaplan, Chicago Police Officer*

On July 29, 1973, he was assigned to investigate an alleged armed robbery, aggravated battery and shooting. At 7 a.m. on that date he interviewed Lee Smernis, the alleged victim, in the police station at 943 W. Maxwell Street. His partner, Investigator Soltys, was present during the interview. Smernis stated that as he was stepping out the door of a

tavern at 2014 W. North Avenue at approximately 4:30 a.m. that morning, a man approached him, pulled a gun, and announced a holdup. Smernis broke away and ran across the street where he was confronted by a second man with a gun. The first man demanded money from Smernis. Smernis pulled $15 from his pocket and gave it to the first man. Smernis again tried to flee, but the two men stopped him and demanded more money. Smernis then gave the men "four twenties" and some singles. The men took a wristwatch from Smernis. At that point, Smernis stated, an off-duty police officer, Garford Eveland, came out of the tavern. Eveland was carrying a gun. The two men began to flee. Smernis told Kaplan that he next "heard gunshots and saw both men with their guns pointed at Officer Eveland." The two attackers were firing their guns in the direction of the tavern and at Officer Eveland. Kaplan could not recall whether Smernis told him who fired the first shot.

On cross-examination Kaplan admitted that he was not present during the alleged robbery. Neither he nor Officer Soltys "took down" Smernis' statement, but he did take notes.

### Investigator Soltys, Chicago Police Officer

He was also assigned to investigate the incident occurring at 2014 W. North Avenue on July 29, 1973. During his investigation he spoke with Officer James Trika, one of the officers who arrested defendant. Trika told him that when he arrested defendant he retrieved $102 in currency and a wristwatch. In the area near where defendant was arrested he found a holster for a handgun. Smernis told Trika that the watch was the one "taken in the robbery."

He conducted a lineup at which Smernis identified defendant as one of the two men who had robbed him and who had shot at Officer Eveland. Smernis stated that defendant had pointed a handgun at both him and Eveland.

On cross-examination he stated that Smernis also told him that the man who accompanied defendant during the robbery was a Mr. Quintanna.

### Joan Edwards, Adjudicator, Juvenile Court

Defendant was placed on probation on October 5, 1972, for possession of a firearm. Probation was satisfactorily terminated on June 11, 1973. While still serving probation defendant was committed to the Chicago Parental School following presentation of a truant petition.

### Paul Gonzalez, Probation Officer, Juvenile Court

He was defendant's probation officer. At first defendant responded very well to probation. Shortly after being committed to the Chicago

Parental School defendant ran away. After remaining "at large" for two months defendant voluntarily returned to the school. Defendant was discharged from the school at age 16 with a report that he was doing very well. Defendant later obtained his high school diploma and probation was terminated satisfactorily. In his opinion the juvenile court has facilities particularly suitable for treatment and rehabilitation of defendant.

On cross-examination Gonzalez stated that he did not know whether the adult division of the Department of Corrections had facilities which could serve defendant as well as the juvenile facilities.

Following presentation of the witnesses, the trial court granted the motion to transfer but refused to state reasons. Defendant was subsequently indicted, tried and convicted of armed robbery. On appeal he contests only his transfer to the criminal division.

OPINION

Defendant first contends that he was denied due process of law where his transfer from the juvenile division to the criminal division of the circuit court was based in part upon evidence of probable cause which was exclusively hearsay. At the hearing on the motion to transfer, Officer Kaplan testified as to facts related to him by Lee Smernis, the victim of the alleged armed robbery. Smernis told Kaplan that he was robbed at gunpoint by two men who subsequently pointed and fired their weapons at Officer Eveland, an off-duty police officer. Officer Soltys testified that Officer Trika, the arresting officer, related that defendant was apprehended while entering an automobile near the scene of the alleged robbery. Trika told Soltys that at the time of the arrest defendant was in possession of $100 in cash and a watch identified by Smernis as that taken during the robbery. Soltys further testified that Smernis identified defendant as one of the robbers and that Smernis observed defendant pointing a gun at Eveland. Defendant does not argue that he did not participate in the armed robbery of Smernis. He argues, however, that he was denied due process where the hearsay evidence was used to establish his participation in the offense.

■■ Section 2—7(3) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—7(3)) provides that a juvenile judge may enter an order permitting the State to prosecute a minor as an adult when it is not in the best interests of the minor or the public to proceed under the Juvenile Court Act. In determining whether to allow a transfer to the criminal division the juvenile judge is authorized to exercise his sound discretion. (*People v. Underwood* (1978), 72 Ill. 2d 124, 378 N.E.2d 513.) Section 2—7(3)(a) of the Act (Ill. Rev. Stat. 1973, ch. 37, par. 7027(3)(a)) provides in relevant part:

"(a) In making its determination on a motion to permit prosecution under the criminal laws, the court shall consider among other matters: (1) whether there is sufficient evidence upon which a grand jury may be expected to return an indictment; (2) whether there is evidence that the alleged offense was committed in an aggressive and premeditated manner; (3) the age of the minor; (4) the previous history of the minor; (5) whether there are facilities particularly available to the Juvenile Court for the treatment and rehabilitation of the minor; and (6) whether the best interest of the minor and the security of the public may require that the minor continue in custody or under supervision for a period extending beyond his minority."

Section 2—7(3)(a) further provides that the rules of evidence applicable at the hearing on the transfer motion should be the same as under section 5—1 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—1), the section concerning dispositional hearings. That section provides that all helpful evidence, "including oral and written reports, may be admitted and may be relied upon to the extent of its probative value, even though not competent for purposes of the adjudicatory hearing." It has been specifically held that hearsay evidence is admissible at a dispositional hearing held under section 5—1 of the Act. In *In re Brooks* (1978), 63 Ill. App. 3d 328, 379 N.E.2d 872; *People ex rel. Jones v. Jones* (1976), 39 Ill. App. 3d 821, 350 N.E.2d 826.

Defendant argues that the allowance of hearsay evidence to establish the element of probable cause violates the fundamental fairness requirement of *Kent v. United States* (1966), 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045. In *Kent* the United States Supreme Court held that the decision to prosecute a minor as an adult was a critical stage requiring application of due process principles. The Court ruled that where the transfer statute required the judge to conduct a "full investigation," a minor was entitled to a hearing prior to transfer. However, the court did not insist that the hearing be in the nature of a full trial. The court stated:

"[W]e conclude that an opportunity for a hearing which may be informal, must be given the child prior to entry of a waiver order.
* * *

We do not mean by this to indicate that the hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment." 383 U.S. 541, 561-62, 16 L. Ed. 2d 84, 97-98, 86 S. Ct. 1045, 1057.

It is important to note that in administrative hearings, such as those

referred to by the court in *Kent,* the technical rules for the exclusion of evidence do not apply (*Opp Cotton Mills, Inc. v. Administrator of the Wage & Hour Division of the Department of Labor* (1941), 312 U.S. 126, 85 L. Ed. 624, 61 S. Ct. 524) and hearsay evidence is generally admissible where it is the kind of evidence a reasonable mind must accept. See *Rocker v. Celebrezze* (2d Cir. 1966), 358 F.2d 119.

■ Accordingly, we do not believe that the admission of hearsay evidence on the issue of defendant's involvement in the armed robbery constituted a denial of the fundamental fairness required by *Kent.*

■ Defendant next contends that the trial court erred in refusing to allow him to present two witnesses at the transfer hearing to contradict the testimony of Kaplan and Soltys. Defendant, however, failed to make an offer of proof as to the proposed testimony. It is clear that an offer of proof must be made if the exclusion of evidence is to be assigned as error, and in the absence thereof the reviewing court is in no position to determine whether error has been committed. (*People v. Warren* (1975), 32 Ill. App. 3d 218, 336 N.E.2d 557; *People v. Novak* (1965), 63 Ill. App. 2d 433, 211 N.E.2d 554.) Accordingly, defendant is precluded from raising this contention on appeal.

Defendant further contends that the trial court failed to properly exercise its discretion in determining whether to allow the State to prosecute him as an adult. In support of this contention he first argues that the trial court's refusal to give a statement of reasons supporting the transfer indicates that the trial court merely deferred to the judgment of the prosecutor.

■ Although section 2—7(3) of the Juvenile Court Act requires the trial court to consider the six factors previously set forth herein, that section does not require that the judge give reasons to support the decision. Where the record reveals that there was sufficient evidence to justify the transfer decision, a statement of reasons is neither constitutionally nor statutorily required. *People v. DeVore* (1978), 62 Ill. App. 3d 412, 378 N.E.2d 1302.

In the instant case the evidence adduced at the transfer hearing established that defendant was an active participant in the armed robbery of Lee Smernis. The testimony established that Smernis identified defendant as one of two men who robbed him at gunpoint and that defendant was arrested in possession of certain property taken from Smernis. The trial court was presented with evidence which would permit defendant to be indicted by the grand jury for armed robbery. The record further reveals that at the time of the offense defendant was 16 years of age and his prior history included probation for possession of a firearm. Indeed, his probation for possession of the firearm was

terminated less than one month prior to his commission of the instant armed robbery. The uncontroverted record established that defendant was an active participant in the commission of a violent and dangerous offense and posed a serious threat to the public safety. The record clearly supports the decision to allow the State to prosecute defendant as an adult.

We reject defendant's argument that *Kent v. United States* (1966), 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045, requires that the trial judge specifically list the reasons supporting his decision to allow a transfer. In *Kent* the trial judge, without conducting a hearing, ordered defendant's transfer after merely stating that he had made a "full investigation." In holding that defendant was entitled to a hearing prior to transfer, the court stated:

"Meaningful review requires that the reviewing court should review. It should not be remitted to assumptions. It must have before it a statement of the reasons motivating the waiver including, of course, a statement of the relevant facts. It may not 'assume' that there are adequate reasons, nor may it merely assume that 'full investigation' has been made. Accordingly, we hold that it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor. We do not read the statute as requiring that this statement must be formal or that it should necessarily include conventional findings of fact. But the statement should be sufficient to demonstrate that the statutory requirement of 'full investigation' has been met; and that the question has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review." 383 U.S. 541, 561, 16 L. Ed. 2d 84, 97, 86 S. Ct. 1045, 1057.

The transcript of the hearing in the present case is sufficient to allow for meaningful review of the trial court's decision even in the absence of a formal statement of reasons for the transfer.

In further support of his contention that the trial court failed to exercise its sound discretion in allowing the transfer, defendant cites the trial court's statement that he would have "no objection to transfer." Defendant argues that this statement indicates a deference to the judgment of the prosecutor. We cannot accept defendant's interpretation of the trial court's comment. The decision to transfer clearly rests within the sound discretion of the trial court (*People v. Underwood* (1978), 72 Ill. 2d 124, 378 N.E.2d 513), and our review here indicates no abuse of that discretion.

Defendant also contends that the trial court erred in rejecting the testimony of a probation officer that defendant was treatable as a juvenile.

The probation officer, Paul Gonzalez, however, was not able to testify as to whether the facilities in juvenile division of the Department of Corrections would be more suitable for defendant than those of the adult division. Gonzalez was not familiar with the facilities of the adult division.

We do not believe the trial court was bound to accept the probation officer's opinion that defendant was treatable under the juvenile system. The trial court was aware that defendant had been released from probation for possession of a firearm only one month prior to commission of the present armed robbery. Certainly the trial court was justified in believing that treatment as a juvenile was not particularly appropriate in the instant case. As we stated in *People v. Banks* (1975), 29 Ill. App. 3d 923, 926, 331 N.E.2d 561, 563:

> "We do not read the statute to require the judge to consider evidence beyond his own knowledge of available facilities and his conclusion as to the effectiveness of treatment of the particular minor in these facilities."

Considering defendant's prior history and the seriousness of the present offense, the trial court did not err in determining that defendant was not a proper subject for juvenile treatment and that the best interests of both defendant and the public required prosecution as an adult.

In light of our disposition of the above issues we find it unnecessary to address defendant's remaining contentions.

For the foregoing reasons the order of the circuit court transferring defendant to the criminal division of the Circuit Court of Cook County is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.