RALPH DEWAYNE CLARK, *etc., In The Interest Of*

(No. 15263)

Decided December 11, 1981.

*Spencer P. Simpson and Nelson R. Bickley* for Clark.

*James E. Roark,* Prosecuting Attorney, *and Frances W. McCoy,* Assistant Prosecuting Attorney, for State.

NEELY, JUSTICE:

This is a statutory appeal from a juvenile transfer hearing. The defendant below, Ralph Dewayne Clark, was arrested and charged with first degree murder. A preliminary hearing was subsequently held and the juvenile referee found probable cause to believe that the defendant had committed the crime with which he was charged.

A motion to waive juvenile jurisdiction was then made by the State pursuant to *W. Va. Code,* 49-5-10(a) [1978]. At a transfer hearing held in the circuit court the juvenile referee testified that he had conducted a preliminary hearing where he found probable cause to believe the defendant had committed the crime of murder. A city detective testified that he had investigated the death of an elderly black female and that as a result of his investigation murder charges were brought against the defendant. After hearing this evidence, the court entered an order granting the motion to transfer the case to criminal jurisdiction.

*W. Va. Code,* 49-5-10(d) [1978] provides that a circuit court may transfer a juvenile proceeding to criminal jurisdiction if there is probable cause to believe that the juvenile has committed the crime of murder. *See, State ex rel. Cook v. Helms,* No. 15189 (W. Va. July 7, 1981). In this case there was no evidence at the transfer hearing upon

which the court could have relied to determine whether there was probable cause. There were conclusory statements by witnesses; however, none of the circumstances surrounding the alleged crime which would link the defendant to it were introduced. It is not sufficient under the juvenile transfer statute for the court to rely upon conclusions of the juvenile referee. The trial judge himself must make an independent determination upon substantive facts that probable cause exists.

*Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L. Ed.2d 346 (1975), upon which the State relies, does not foreclose our result in this case. In *Breed*, a juvenile petition was filed against the respondent in that case for committing what would have been the crime of robbery if committed by an adult. An adjudicatory hearing to determine whether the juvenile committed a criminal act was subsequently held; at the conclusion of testimony the court sustained the petition. At a transfer hearing held some days later, the juvenile's case was ordered transferred to criminal jurisdiction. The State then attempted to prosecute the juvenile as an adult and he objected raising a claim of double jeopardy. The United States Supreme Court held that jeopardy attached at the adjudicatory hearing where evidence was taken and the purpose was to establish guilt. The Court therefore held that the juvenile's subsequent prosecution in the criminal court violated the Double Jeopardy Clause of the Fifth Amendment.

The statutory scheme for the disposition of juvenile cases in California differs from that in this State. As we pointed out in *State ex rel. Smith v. Scott*, 160 W. Va. 730, 238 S.E.2d 223, 226-227 (1977):

"... *Breed* does not preclude the juvenile court from fulfilling its duties during a transfer hearing, and the fact that the juvenile court hears facts surrounding the commission of the alleged offense does not mean that the hearing becomes adjudicatory so as to invoke the principle of *Breed*."

Accordingly, the judgment of the Circuit Court of Kanawha County is reversed and the case is remanded with directions to hold a proper transfer hearing.

*Reversed and remanded.*