IN THE INTEREST OF: S.M.P., *etc.*

(No. 15028)

Decided December 18, 1981.

*Spencer P. Simpson* for appellant.

*Chauncey H. Browning*, Attorney General, *Paula Dean Maas*, Assistant Attorney General, for appellee.

PER CURIAM:

The appellant, S. M. P., a juvenile, brings this appeal pursuant to the provisions of *W. Va. Code*, 49-5-10(f), contending the Circuit Court of Kanawha County erred in transferring him to adult criminal proceedings. We reverse and remand for further proceedings.

On January 21, 1980, the appellant was charged by petition with being a delinquent child within the meaning of *W. Va. Code*, 49-1-4, based on an allegation that he committed an armed robbery on January 3, 1980. The appellant waived a preliminary hearing. Thereafter, the State filed a transfer motion under the provisions of *W. Va. Code*, 49-5-10(d)(1) & (d)(4) alleging that: (1) the appellant had committed the crime of robbery with the use of a firearm in violation of *W. Va. Code*, 61-2-12; and (2) the appellant was a child, sixteen years of age, who had committed an offense of violence to the person which would be a felony if committed by an adult. Both grounds were based on the same alleged act of criminal conduct. Following an evidentiary hearing on the transfer motion, the trial court ruled the State had proved by clear and convincing evidence probable cause to believe the grounds relied on and granted the State's motion to transfer the appellant to an adult criminal proceeding.

The issue presented by this appeal is whether the State introduced sufficient evidence to warrant appellant's

transfer to adult criminal proceedings. The applicable legal standard is found in Syllabus point 3 of *In re E. H.*, ____ W. Va. ____, 276 S.E.2d 557 (1981) where we held that "[u]nder *W.Va. Code*, 49-5-10 (1978), at a transfer hearing as a standard of proof the State need only establish that there is probable cause to believe that a child has committed one of the offenses therein enumerated." *See also*, syl. pt. 2, *State ex rel. Cook v. T. H.*, No. 15189 (W. Va. filed July 7, 1981).

The State did not establish probable cause to believe that appellant committed an armed robbery or a crime of violence to the person. The only evidence of probable cause introduced by the State in the transfer hearing came from Trooper H. L. Foreman, who testified concerning his participation in the investigation of an armed robbery of a grocery store located in Kanawha County. The trooper testified that upon arrival at the scene in response to a telephone call, he found the victim staggering and bleeding from several lacerations about her head and face. He related hearsay statements of the victim indicating that a person had entered her place of business, beat her with some type of club, took money from the cash register, and left.

The trooper then related that he had accused two adults and two juveniles, one of whom was the appellant, with the armed robbery, and had signed the delinquency petition against the appellant alleging he was a delinquent child. He also testified that the appellant would have been sixteen years of age at the time the offense was committed.

The evidence relative to the crime does not establish probable cause to believe the appellant committed the act relied upon as grounds for transfer. At best the evidence shows a crime took place, and that the appellant was charged with the offense by a delinquency petition. There was no testimony as to how the juvenile was connected to the crime. There can be no presumption that the charges made in a delinquency petition are true.

We recognize that the admission of hearsay evidence at a transfer hearing has generally been held not to constitute reversible error. *E.g., People v. Superior Court of San Francisco*, 119 Cal.3rd 162, 173 Cal. Rptr. 788 (1981); *People v. Diaz*, 75 Ill.App.3d 387, 31 Ill. Dec. 263, 394 N.E.2d 465 (1979); *People v. Taylor*, 76 Ill.2d 289, 29 Ill. Dec. 103, 391 N.E.2d 366, 371-73 (1979); *Clemons v. State*, 162 Ind.App. 50, 317 N.E.2d 859 (Ind. 1974); *In re P.W.N.*, 301 N.W.2d 636 (N.D. 1981); *Matter of Fox*, 51 Or.App. 257, 625 P.2d 163 (1981); *Matter of S.E.C.*, 605 S.W.2d 955 (Tex.Civ.App.1980); S. Davis, *Rights of Juveniles*, § 4.3 (1980).

However, *W. Va. Code*, 49-5-10(d), sets the general provisions in regard to juvenile hearings as we explained in *In re E.H.*, *supra* at 564-65:

> "Significantly, W.Va. Code, 49-5-1(d) (1978), provides that:
>
> " 'In all proceedings under this article, the child shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses.'
>
> "This same subsection states:
>
> " 'Except as herein modified, at all adjudicatory hearings, the rules of evidence applicable in criminal cases shall apply, including the rule against written reports based upon hearsay.'
>
> "We believe that the first of these two quoted provisions manifests an intention on the part of the Legislature to provide a general rule regarding a meaningful hearing with a right to present and cross-examine witnesses, a rule that is applicable to all hearings under W.Va. Code, 49-5-1 (1978), *et seq.* On the other hand, the latter part of W.Va. Code, 49-5-1(d), by only referring to the adjudicatory hearing indicates that these stricter provisions are only applicable to it." (Footnotes omitted.)

It is clear that this statute would preclude a transfer based entirely on hearsay evidence.

Here, the witness did not articulate any factual basis, hearsay or otherwise, connecting the appellant to the

crime. The trooper did not at any point in his testimony state that the victim had identified the appellant as the assailant, and there was no other evidence introduced at the hearing which would establish probable cause. The trooper stated that the appellant was born on March 16, 1963, but did not explain from what source he acquired this information. It would have also been preferable to establish some factual basis as to the juvenile's age at the time of the commission of the offense.

Although the transfer order must be reversed, we do note that the State is not precluded by this decision from introducing additional evidence on remand to establish probable cause. There is no double jeopardy problem with introducing additional evidence on the issue of probable cause because a transfer proceeding is not for the purpose of adjudicating guilt or innocence. Syl. pt. 3, *State ex rel. Smith v. Scott*, 160 W. Va. 730, 238 S.E.2d 223 (1977); *W. Va. Code*, 49-5-10(b). So long as the transfer proceeding is conducted prior to the adjudicatory hearing on the merits, no double jeopardy problem is presented. *Breed v. Jones*, 421 U.S. 519, 538 N. 18, 95 S.Ct. 1779, 1790, 44 L.Ed.2d 346, 360 (1975).

For the foregoing reasons, the order transferring the appellant to adult criminal proceedings is reversed and set aside and the case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*