304 S.E.2d 868

**STATE of West Virginia**

v.

**Patrick LARGENT.**

No. 15698.

Supreme Court of Appeals of West Virginia.

July 6, 1983.

Janet Frye Steele, Asst. Atty. Gen., Charleston, for appellee.

Mark D. Moreland, Moreland & Krauskopf, Romney, for appellant.

**PER CURIAM:**

Patrick Largent appeals the May 20, 1982 order of the Circuit Court of Hampshire County, which waived the juvenile jurisdiction of the court and transferred the proceedings against him to the adult criminal jurisdiction. We reverse the lower court's decision on the grounds that the court did not hold an effective transfer hearing to make a determination of probable cause.

The appellant was charged by petition on December 8, 1981 with first degree arson, two counts of third degree arson, nighttime burglary and petit larceny. A juvenile referee found probable cause that appellant committed the offenses, and certified the case to the circuit court for further juvenile proceedings. On May 4, 1982 the appellant was indicted for daytime burglary, two counts of third-degree arson, and one of first-degree arson. The circuit judge certified the matter to the juvenile jurisdiction of the court.

On May 5, 1982 the State filed a motion to waive the juvenile jurisdiction of the circuit court, and to try the appellant as an adult, pursuant to *W.Va.Code*, 49–5–10 [1978]. As grounds for the transfer, the State alleged that: the appellant had been indicted for four felonies; he was 17 years old at the time these offenses were committed, having been born on February 11, 1964; the charge of first-degree arson is grounds for transfer under *W.Va.Code*, 49–5–10(d)(1); and, under subsection (d)(5) of the statute, appellant was charged with four felonies committed when he was over the age of 16, and had been previously adjudged delinquent for breaking and entering.

At the transfer hearing on May 11, 1982 defense counsel refused to stipulate to the allegations of the petition, noting that the statute places the burden of proof upon the State. The court proceeded to take judicial notice that appellant had been indicted for four felonies, one of which was first degree arson, which falls under the statute; directed defense counsel, over objection, to ask appellant his date of birth; and admitted into evidence through the circuit clerk the record of appellant's previous delinquency adjudication for breaking and entering.

The State presented two witnesses. The arresting officer testified that he investigated the arson of a dwelling house, and as a result of his investigation arrested the appellant. He recommended that the matter be transferred to the adult jurisdiction of the court. An owner of the house testi-

fied that she supported the officer in his recommendation; however, she had no personal knowledge of appellant's reputation or conduct in the community.

Appellant's juvenile probation officer and a psychologist testified that waiver was inappropriate, and that appellant would respond to a highly structured treatment and rehabilitation program under the court's juvenile jurisdiction. In their opinion, the opportunity for appellant to have a clean slate as an adult through expungement of his juvenile records was a major motivational factor, and very important to his rehabilitation.

At the close of the hearing, the judge weighed the benefit to be gained from expungement against the deterrent effect of an adult conviction, and granted the motion to transfer. The transfer order, entered May 20, 1982 stated, in part:

"Thereupon, the witnesses were duly sworn and the Court then heard testimony from the various witnesses for the State and the defendant, and at the conclusion of same and after due consideration, the Court does hereby sustain the Motion to have the juvenile jurisdiction of this matter waived and the proceeding transferred to the criminal jurisdiction of this Court and to have the defendant tried as an adult rather than as a juvenile and gave its finding of fact and conclusion of law concerning same...."

The appellant contends that the lower court denied him a meaningful hearing on the transfer motion. He asserts, *inter alia,* that there was no independent determination of probable cause by the court, nor was there any evidence adduced at the hearing to support such a finding. The record supports his contentions.

■ At a transfer hearing under *W. Va. Code,* 49-5-10 [1978], the State has the burden of establishing probable cause that the child has committed one of the enumerated offenses. *In re E.H.,* 166 W.Va. 615, 276 S.E.2d 557 (1981). In each case, the judge must make a finding that probable cause exists, irrespective of any such findings by a juvenile referee, magistrate, or grand jury. As we held in the single syllabus of *In Interest of Clark,* 168 W.Va. 493, 285 S.E.2d 369 (1981):

"*W. Va. Code,* 49-5-10(d) [1978] requires that the circuit court make an independent determination of whether there is probable cause to believe that a juvenile has committed one of the crimes specified for transferring the proceeding to criminal jurisdiction."

■ Mere conclusory statements by witnesses, without going into the circumstances of the crime which would link the juvenile to its commission, cannot be the basis for a finding of probable cause by the court. *Clark, supra,* 168 W.Va. at 495, 285 S.E.2d at 370; *In Interest of S.M.P.,* 168 W.Va. 626, 285 S.E.2d 408, 410 (1981). Neither may the probable cause determination be based entirely upon hearsay evidence. *S.M.P., supra,* 168 W.Va. at 628, 285 S.E.2d at 410; *In Interest of John Moss, Jr.,* 170 W.Va. 543, 295 S.E.2d 33 (1982). Rather, "[t]he trial judge himself must make an independent determination upon substantive facts that probable cause exists." *Clark, supra,* 168 W.Va. at 495, 285 S.E.2d at 370.

■ In the case before us, the State completely failed to meet its burden of proof, despite the judge's assistance. The only evidence against appellant was that he was arrested and subsequently indicted; there was no testimony to link him to the commission of any crime. The State introduced no evidence that would support a finding of probable cause by the court, nor was there any such finding by the court, either on the record or in the transfer order. The appellant is therefore entitled to another hearing.

Accordingly, the judgment of the Circuit Court of Hampshire County is reversed and the case is remanded with directions to hold a proper transfer hearing.

Reversed and remanded.