337 S.E.2d 916

**In the Interest of Christopher Shawn VANCE, an infant under the age of eighteen years.**

**No. 16558.**

Supreme Court of Appeals of West Virginia.

Dec. 6, 1985.

---

**680**

H. Truman Chafin, Williamson, for appellant.

Cecil C. Varney, Williamson, amicus curiae.

Charlie Brown, Atty. Gen., Silas B. Taylor, Deputy Atty. Gen., Charleston, for appellee.

PER CURIAM:

This is an appeal by Christopher Shawn Vance, a fourteen-year-old juvenile, from an order of the Circuit Court of Mingo County transferring him from the juvenile to the criminal jurisdiction of the court. The appellant is accused of the shotgun slaying of Raymond Toler. On appeal the appellant contends that the transfer of his case to the criminal jurisdiction of the court was improper. We agree, and we reverse the decision of the Circuit Court of Mingo County.

Nedra Vance, the appellant's mother, was accused of the shotgun wounding of Raymond Toler. Prior to the preliminary hearing in her case, the appellant confessed to his mother's attorney that he, rather than his mother, had shot Toler. During Ms. Vance's subsequent preliminary hearing the appellant, who was not a suspect in the crime, and who at the time was unrepresented by counsel, was called as a witness in his mother's behalf. He was placed under oath and advised of his *Miranda* rights by the presiding magistrate. His mother's attorney then proceeded to elicit a confession from him. As a result of his testimony, the charges against his mother were dropped.

Later, Raymond Toler died from his wounds, and a delinquency petition was filed against the appellant. The State also moved that the appellant be transferred from the juvenile to the criminal jurisdiction of the court.

At the hearing conducted on the transfer motion, Trooper B.R. Chafin of the West Virginia Department of Public Safety, who had been present at Nedra Vance's preliminary hearing, and who had heard the appellant confess on the stand that he had shot Raymond Toler, testified as to what had occurred at the hearing and read the portion of the preliminary hearing transcript containing the appellant's confession. Counsel for the appellant objected to the admission of the confession into evidence.

The State's entire case consisted of Officer Chafin's testimony, and after Officer Chafin had finished relating the appellant's confession, the State rested. Counsel for the appellant moved that the motion for the transfer be denied. The court rejected the motion and ordered the appellant's transfer.

On appeal the appellant contends that the trial court's consideration of the confession and transfer based upon it were improper.

The testimony given against the appellant consisted entirely of what he said on the witness stand during his mother's preliminary examination. The Legislature has specified that testimony given by a witness during a legal proceeding may not be used directly against him in a later criminal prosecution unless the later charge is for perjury or false swearing:

> "In a criminal prosecution other than for perjury or false swearing, evidence shall not be given against the accused of any statement made by him as a witness upon a legal examination." *W.Va.Code*, 57–2–3.

In analyzing this statute, we have recognized that a preliminary examination is a legal examination within the meaning of the statute, and that testimony given by a witness at a preliminary examination is inadmissible, except for impeachment purposes, at a later criminal proceeding, other than a proceeding for perjury or false swearing, against the witness. For example, as stated in syllabus point 2 of *State v. May*, 62 W.Va. 129, 57 S.E. 366 (1907):

> "Statements by one accused of murder, made as a witness upon a preliminary examination before a justice without for-

mal complaint, upon which examination the justice commits the accused to await the action of the grand jury, must be treated as having been made upon a legal examination, and, if objected to, can not be given in evidence against him on his trial ..."

In the case presently before the Court, if the appellant were an adult and on trial for murder, his confession, given at his mother's preliminary hearing, would be inadmissible under *W.Va.Code*, 57–2–3, except for the purposes of impeaching him.

The transfer hearing is a critical stage of criminal proceedings against a juvenile. *State ex rel. Smith v. Scott*, 160 W.Va. 730, 238 S.E.2d 223 (1977). If it results in a transfer, the juvenile will be tried as an adult. Given this fact, the Court is of the opinion that juveniles involved in transfer hearings should be entitled to the benefit of the provisions of *W.Va.Code*, 57–2–3.

Since the court's transfer order was based solely upon the appellant's in-court confession, and since such a confession is inadmissible under *W.Va.Code*, 57–2–3, the trial court erred in ordering the appellant's transfer, and the transfer order should be reversed.

Reversed.