351 S.E.2d 437

**STATE ex rel. Christopher Shawn VANCE, an Infant Under the Age of Eighteen Years**

v.

**Honorable Elliott E. MAYNARD, Judge, of the 30th Judicial Circuit, Etc., and Cecil C. Varney, Private Prosecuting Attorney for Mingo County, W.Va.**

No. 17290.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 1, 1986.

Decided Dec. 19, 1986.

H. Truman Chafin, Williamson, for petitioner.

Cecil C. Varney, Williamson, for respondents.

**PER CURIAM:**

This is an original proceeding in prohibition to prevent the Circuit Court of Mingo County from holding any further hearing to transfer a juvenile, Christopher Shawn Vance, the petitioner herein, from juvenile to adult jurisdiction. The petitioner is charged with the shotgun death of Raymond Toler. At a previous hearing the trial court entered a transfer order which was appealed, and in a decision filed December 6, 1985, we reversed. *In the Interest of Christopher Shawn Vance*, 175 W. Va. 679, 337 S.E.2d 916 (1985). That decision held the trial court erred in granting the State's motion to transfer based solely upon petitioner's prior in-court confession,

because his confession was inadmissible under *W. Va. Code,* 57–2–3 [1965].

Petitioner now asserts in response to the State's second motion for a transfer hearing that our previous decision bars any further transfer hearing. We disagree and for reasons stated below deny the writ.

Petitioner's argument is based on the fact that the State was unaware of the petitioner's involvement in the shotgun wounding of Raymond Toler prior to his confession. His statement that he was responsible for the shooting was elicited by his mother's attorney when the petitioner appeared as a witness at his mother's preliminary hearing on the charge of malicious wounding. Based on his testimony, charges against his mother were dismissed. Raymond Toler subsequently died as a result of the shooting and a delinquency petition was filed against the petitioner.

Because he was not a suspect prior to his testimony, petitioner argues that any evidence the State presents at a second hearing will be the product of his inadmissible confession and therefore inadmissible. The State, to the contrary, asserts that admissible evidence is available for presentation at a hearing on the second transfer motion. The trial court has yet to conduct a hearing on the second motion or otherwise rule on the admissibility of the State's evidence. Consequently, we are asked to bar any attempt to transfer petitioner to adult status prior to any factual disclosure or evidentiary ruling by the trial court, solely upon petitioner's assertion that any evidence proffered by the State is *per se* inadmissible.

■ We held in syllabus point 1 of *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744, 749 (1979):

> In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

Likewise, in *Hinkle,* this Court recognized that "where the proper resolution of the legal question first depends upon a proper finding of disputed facts, then the efficiency of prohibition disappears because of mechanical problems in fact finding inherent in multimember courts." *Id.,* 164 W.Va. at 121, 262 S.E.2d 749.

In *State ex rel. Williams v. Narick,* 164 W.Va. 632, 264 S.E.2d 851 (1980), we were asked to prohibit the State from introducing several confessions given by the defendant after his initial confession had been ruled inadmissible as the "fruit" of an illegal search and seizure in *State v. Williams,* 162 W.Va. 309, 249 S.E.2d 758 (1978). The trial court had denied defendant's motion to suppress four subsequent confessions. We held that "[s]ince the issue will have to be resolved by developing the factual circumstances surrounding each confession; the respondent's ruling on the issue is not subject to attack by writ of prohibition." *Narick, supra,* 164 W.Va. at 639, 264 S.E.2d at 856. This same principle controls the case before us.

■ Whether the State can establish probable cause to believe that petitioner shot the decedent, Raymond Toler, through evidence which is gained from sources other than the inadmissible confession is a question to be determined by the trial court.

■ Double jeopardy principles will not bar a second transfer hearing because the proceeding does not involve an adjudication of guilt or innocence. *In the Matter of Mark E.P.,* 175 W.Va. 83, 331 S.E.2d 813 (1985); *In the Interest of S.M.P.,* 168 W.Va. 626, 285 S.E.2d 408 (1981).

We therefore deny the writ of prohibition and remand this case to the circuit court to

hold a second transfer hearing in conformity with the principles stated herein.

Writ denied.

McGRAW J., dissents.