403 S.E.2d 10

**In the Interest of David Zane B., Jr., a Juvenile.**

**No. 19646.**

Supreme Court of Appeals of West Virginia.

March 14, 1991.

Steven M. Askin, Askin, Pill, Scales & Burke, Martinsburg, for David Zane B., Jr.

Dennis V. DiBenedetto, Pros. Atty., Petersburg, for appellee.

PER CURIAM:

The appellant in this proceeding, David Zane B., Jr., a juvenile, has been charged with committing robbery by the use of, or presenting of, a firearm and has been ordered to stand trial in the adult jurisdiction of the Circuit Court of Grant County. On appeal, the appellant claims that the circuit court erred in transferring his case from the juvenile to the adult jurisdiction. After reviewing the record, this Court disagrees and affirms the transfer by the circuit court.

On August 22, 1989, two individuals robbed the Potomac Valley Bank in Petersburg, West Virginia. A police investigation implicated Willard Thorn, who was twenty-one, and the appellant, David Zane B., Jr., who was then sixteen. Thorn and the appellant were subsequently arrested, and a juvenile petition was filed against the appellant.

After investigating the matter further, the State petitioned the court to transfer the appellant's case from the juvenile jurisdiction to the adult jurisdiction of the court. The court scheduled a hearing on the motion, and, after the conclusion of the hearing, ordered the transfer.

During the hearing, the State's first witness was Officer Lawrence D. Cornell, who

had investigated the robbery. Officer Cornell, over the objection of defense counsel, offered substantial hearsay testimony implicating the appellant in the crime charged. The State also called Willard Thorn, who had been arrested along with the appellant for the commission of the crime. Thorn testified that he had plead guilty to "armed robbery" and that he had participated in the robbery. He indicated that prior to committing the crime he and the appellant had discussed it, and that the appellant had participated in it. He stated that he had obtained guns and camouflage outfits which were used in the robbery and that, according to their plan, he and the appellant had entered the Potomac Valley Bank on August 22, 1989. At the time he had a .357 magnum and the appellant was armed with a .25 automatic. He and the appellant went up to two different windows and demanded money, which was handed over and which was placed in camouflage bags. They then left the bank and later disposed of the money. Thorn stated that he carried his gun into the bank, but that he did not see the appellant's gun, and that while he was sure that he had his gun out, he was not certain that the appellant did. He did not look at the appellant during the robbery.

After the conclusion of the State's case, the appellant called a number of witnesses who indicated that he had been enrolled in behavior disorder programs as a student in public schools and that he could not function in a regular classroom. The witnesses stated that the appellant had the maturity of an eleven or twelve-year-old, that he had a low-average I.Q., and that when he was with older people he was a follower. In spite of this, when asked to use his hands, the appellant could prove to be a good worker and a skilled laborer. The witnesses concluded that confinement in prison was the worst thing that could happen to the appellant psychologically.

On rebuttal, the State introduced evidence showing that the appellant had previously appeared before the juvenile court on a charge of assault and fighting and that he had been granted a one-year improve-ment period, which he had apparently successfully completed.

As previously indicated, at the conclusion of the hearing, the court ordered the transfer of the appellant to the adult jurisdiction of the court. In justifying the decision, the court found that the State had met the burden under *W. Va. Code*, 49–5–10(d)(1), to justify a transfer by establishing probable cause for the commission of the crime of armed bank robbery by the appellant.

In the present proceeding, the appellant claims that the trial court was clearly wrong when it ruled that the State had met it burden and when the court ordered the transfer. In conjunction with this, the appellant argues that the court's determination of probable cause was improperly based on the hearsay testimony of Officer Lawrence D. Cornell, who had investigated the robbery at the Potomac Valley Bank.

*West Virginia Code*, 49–5–10, designates the circumstances under which a juvenile may be transferred from the juvenile to the adult jurisdiction of a circuit court. The portion of that statute relevant to the present proceeding, *W. Va. Code*, 49–5–10(d) provides that:

> The court may, upon consideration of the child's mental and physical condition, maturity, emotional attitude, home or family environment, school experience and similar personal factors, transfer a juvenile proceeding to criminal jurisdiction if there is probable cause to believe that:
>
> (1) The child has committed the crime of … robbery involving the use or presenting of firearms or other deadly weapons under section twelve [§ 61–2–12], article two, chapter sixty-one of this Code; … and in such case, the existence of such probable cause shall be sufficient grounds for transfer without further inquiry; ….

In *In Interest of Moss*, 170 W.Va. 543, 295 S.E.2d 33 (1982), this Court discussed the procedural principles involved in assessing whether probable cause exists under *W. Va. Code*, 49–5–10, for transferring a juvenile from juvenile to adult jurisdiction.

In syllabus point 1 of *In Interest of Moss,* the Court stated that:

Probable cause for the purpose of transfer of a juvenile to adult jurisdiction is more than mere suspicion and less than clear and convincing proof. Probable cause exists when the facts and circumstances as established by probative evidence are sufficient to warrant a prudent person in the belief that an offense has been committed and that the accused committed it.

In the *Moss* case, the Court stressed, in line with the Court's holding in *In Interest of S.M.P.,* 168 W.Va. 626, 285 S.E.2d 408 (1981), that the probable cause determination in a juvenile transfer hearing could not be based entirely on hearsay evidence.

In the case presently before the Court, a principal witness for the State was Willard Thorn, an accomplice in the crime charged. The essence of Mr. Thorn's testimony was that he and the appellant had armed themselves with deadly weapons, pursuant to a plan, and had entered the Potomac Valley Bank with the intent to rob it. He further stated that they had carried out the robbery.

While Mr. Thorn was unable to say that the defendant himself had actually pointed his weapon at an employee of the bank during the robbery, it is clear that Mr. Thorn employed a weapon and that the appellant was present and participating in the robbery.

In this Court's view, Mr. Thorn's testimony alone was sufficient under the test set forth in syllabus point 1 of *In Interest of Moss* to show probable cause existed for concluding that the defendant had been involved in the commission of a robbery involving the use of a firearm or other deadly weapon in violation of *W.Va.Code,* 61-2-12, and the Court notes that *W.Va. Code,* 49-5-10(d)(1), specifically provides that "... the existence of such probable cause shall be sufficient grounds for transfer without further inquiry...." Mr. Thorn's testimony was not hearsay, and, contrary to the implications of the appellants argument on appeal, the Court can find nothing to suggest that the transfer decision was based solely on the hearsay testimony of Officer Cornell.

■ On appeal, the appellant also claims that the trial judge impermissibly interjected himself into the proceedings by conducting lengthy examinations of the witnesses which he argues were prosecutorial in nature. He also argues that, by interjecting himself into the proceedings, the judge did not act in a fair and impartial manner in the transfer proceeding.

In *State v. Massey,* 178 W.Va. 427, 359 S.E.2d 865 (1987), this Court recognized that a trial judge is not only authorized to ask questions of a witness from the bench, but may in some instances be required to do so. *See also State v. Grimm,* 156 W.Va. 615, 195 S.E.2d 637 (1973), *overruled on other grounds, State v. Nuckolls,* 166 W.Va. 259, 273 S.E.2d 87 (1980).

After reviewing the record in the present case, this Court believes that although the trial judge's questioning was extensive, the questions asked were relevant and appropriate and helped clarify points bearing on the propriety of transfer. The case was tried by the court sitting without a jury, and, as indicated in *In re E.H.,* 166 W.Va. 615, 276 S.E.2d 557 (1981), in a transfer proceeding, a trial judge has broad latitude in supervising the development of the evidence since it is assumed that because of his legal training, and because he is sitting without a jury, the outcome will not be influenced by improper evidence. Overall, in the present case this Court cannot conclude that the questioning was of such a nature to show that the court did not act in a fair or impartial manner, as charged by the appellant.

For the reasons stated, the judgment of the Circuit Court of Grant County is affirmed.

Affirmed.